O'Leary v. Frisbey.

## WILLIAM O'LEARY ET AL.
## v.
## RACHEL FRISBEY.

1. STATUTE OF LIMITATIONS.—The two years Statute of Limitations does not apply to an action brought under Section 9, Chapter 43, of the Dram Shop Act.

2. DRAM SHOP ACT—JOINT LIABILITY.—Intoxication caused, in whole or in part, by several sales and by several persons, creates a joint liability, and each person who, by sale or gift, contributes to such intoxication, may be sued jointly. The court is of opinion that there was no error in admitting proof of separate sales under the declaration in this case.

APPEAL from the Circuit Court of Marshall county; the Hon. JOHN BURNS, Judge, presiding. Opinion filed December 4, 1885.

Messrs. SHAW & EDWARDS, for appellants.

Messrs. BARNES & BARNES, for appellee.

WELCH, J. This was an action brought by the appellee against the appellant, under the 9th section, chapter 43, entitled "Dram Shops," for injury to her person and means of support by reason of the intoxication of her husband, caused, as alleged, by liquors sold and given to him by the appellants. Appellants filed separate pleas: 1st, not guilty, 2d, two years Statute of Limitations; 3d, five years Statute of Limitations. Issue joined on each of the first and third pleas, and demurrer to the second plea. Demurrer sustained. Trial by jury and verdict for appellee for the sum of $650. Motion for new trial. Motion overruled and judgment entered on the verdict, from which this appeal is taken. Various errors are assigned.

The first error assigned is the action of the court in sustaining the demurrer to the second plea. The two years Statute of Limitation does not apply to the action brought by appellee, and there was no error in sustaining the demurrer. The learned counsel for appellants, although assigning this error, make no reference to it in their brief.

The second error assigned, the admission of improper evidence on the part of the appellee, is insisted upon with great earnestness. The declaration alleges that the appellants sold and gave intoxicating liquors to appellee's husband in large quantities, and at many different times, before November 1, 1882, and since, and thereby caused him to become and be, during that time, and he yet continues to be, habitually intoxicated, and being so habitually intoxicated he in consequence thereof has wasted and squandered his money and property, which would otherwise have come to her for her support, and that he became greatly impoverished, reduced, degraded and wholly ruined, as well in his mind and body as in his estate, and neglected and ceased to exercise his business of digging and hauling coal, etc., and abandoned all work and labor of every kind, and wholly ceased in any manner to labor or provide for himself or appellee, and spent the greater part of his time and of his earnings in the saloons of appellants.

Similar allegations are made as to liquors sold and given by the appellants to appellee's husband, causing him to be violent and

abusive to the appellee, and alleges particular acts of violence in consequence of liquors so sold and given to him by appellants.

The first witness for appellee testified, that he had seen Frisbey at O'Leary's saloon and Martin's saloon. He was asked, Have you seen him drink at either of these places within four years? Appellants objected to this question, on the ground of variance ; that the declaration counted only on joint sales by the appellants to Frisbey, and the question called for evidence of separate sales by them to him. The objection was overruled and exception taken.

Similar questions were asked of the other witnesses and like objections made, which were overruled and exception taken.

We have carefully examined the authorities referred to in the briefs of appellants and appellee bearing on this question of variance. In the case of Hackett et al. v Smelsley, 77 Ill. 109, the declaration averred a partnership between two of the defendants, and that the said two as partners and the other defendants doing business, severally and respectively sell and give intoxicating liquors, etc. In Barks et al. v Woodruff, 12 Bradwell, 96, the averment was that the defendants severally and respectively sold and gave intoxicating liquors. Both of these suits were brought under this statute, and it is insisted that although the statute under which this action is brought gives the right of action to any person injured, severally or jointly against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part of such person or persons; that if several persons, by making separate sales, cause a single intoxication, or several particular intoxications, from which injury resulted, they could be sued severally or jointly, but if sued jointly the declaration must allege as in the cases cited *supra* that they severally and respectively sold or gave away the liquor, and not that the defendants did it.

In the view we take of this question, they are liable only by virtue of the statute; without it they are not liable at all either jointly or severally. By the statute they are liable jointly or severally. Upon an examination of the case of Tetz-

ner et al. v. Naughton, 12 Bradwell, 150, the allegation in the declaration was as in this case: "The defendants sold and gave intoxicating liquors, etc." And in the case of O'Halloran et al. v. Kingston, 16th Bradwell, 660, we have examined the declaration and find that the averment was, "the defendants sold and gave intoxicating liquors, etc." Both these cases were brought under this statute, and proof under each of these declarations of separate sales, by persons carrying on separate saloons, was admitted. In the case of Brannon et al. v. Silvernail, 81 Ill. 485, and in King v. Haley et al., 86 Ill. 106, the averment in both declarations was, the "defendants sold and gave intoxicating liquors, etc." Under the view we take of the statute under which this suit is brought, and of the authorities above referred to, we hold that there was no variance between the proof and the declaration, and that there was no error in admitting proof of separate sales under this declaration. Intoxication caused in whole or in part by several sales and by several persons creates a joint liability, and each person who by sale or gift contributes to such intoxication may be sued jointly. Their joint liability under the statute arises from the act of each person contributing to the intoxication. And as held by Justice Wall, in O'Halloran v. Kingston, 16th Bradwell, 662:

"Those who contribute in a small degree may be thus made to suffer as those who are more culpable, yet it is a condition which is applied to the traffic in liquors, which the legislature had the power to impose, and which the courts can not ignore. It must be remembered, also, that the risk thus involved was known to and therefore voluntarily assumed by appellants when they engaged in the business, so that in a legal sense it can not be said that they are surprised by the enforcement of the law. The objection to the evidence of notice to one of the appellants not to sell to her husband is not well taken. The rights of each of the appellants from evidence adduced as to the other, was guarded on the trial by the instructions of the court. Appellants' instructions 9th, 10th, 11th and 12th informed the jury that they could not give damages in the case for more than what should be found proper against the appellant least liable."

It is claimed by the counsel for appellants that under the first, seventh, eighth, ninth and tenth of appellee's instructions the jury had only to find from the evidence that the appellants had aided in causing an intoxication of Frisbey at any time within five years, and that he was in the habit of getting intoxicated, and that appellee was injured in her means of support thereby, to find against them. All of these instructions inform the jury, that if they find from the evidence that within five years before the commencement of this suit Edwin Frisbey was habitually intoxicated, and that defendants caused such intoxication, in whole or in part, by liquors sold by them to him, and by means of such intoxication the plaintiff was injured in her means of support, and that such means of support were diminished in consequence of such intoxication, caused in whole or in part by the defendants, then they should find for the plaintiff and assess the damages up to their separation. These instructions are drawn within the spirit and letter of the statute: "Every * * * wife * * * who shall be injured in person or property, or means of support, by any intoxicated person or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in her own name severally or jointly, against any person who shall, by selling or giving intoxicating liquors, have caused the intoxication in whole or in part of her husband. These instructions required the jury, before they could find for appellee, to believe from the evidence that her husband was habitually intoxicated, and that the appellant caused such intoxication in whole or in part by liquors sold or given to her husband, and that by means of such intoxication she was injured in her means of support. How much he obtained from each and to what extent the act of each appellant contributed to the habitual intoxication it is impossible to state with certainty, but under these instructions they were required to find that the liquors furnished by each of them was the efficient and approximate cause, either in whole or in part, of the intoxication complained of.

It is further insisted by counsel for appellants that the 4th, 5th and 16th instructions of appellee are erroneous and should not have been given. These instructions inform the jury that

O'Leary v. Frisbey.

if they believe from the evidence that for five years, or any part thereof, before this suit was brought, plaintiff was injured in her person or means of support, in consequence of the intoxication of her husband, that such intoxication was caused in whole or in part by liquors sold by the appellants, then she is entitled to your verdict. This instruction required the jury, before they could find for the plaintiff, to believe from the evidence that she was injured in her person or means of support by her husband's intoxication, caused in whole or in part by liquors sold by the appellants, and that the liquors furnished by them were the efficient and proximate cause, either in whole or in part, of the intoxication complained of.

The objection to the 15th instruction is not well taken; it is qualified and limited by the other instructions. The 20th and 25th instructions, as to the measure of damages, could not have injuriously affected the appellants, for the verdict is not based on them.

In the case of Flynn et al. v. Fogarty, 106 Ill. 267, similar instructions were held good.

There was no error in refusing to give the 16th instruction asked for by appellants. It was based on the claim of a variance between the proof and the declaration, the claim being that proof of separate sales could not be made under the averments in this declaration. We disposed of this question in passing upon the objection to the admission of the evidence.

The qualification of the 11th instruction was proper.

Upon a careful examination of this record we find no substantial error in the admission of testimony or in the law, as announced in the instructions given to the jury. As to the question of damages, the proof abundantly supports the verdict.

The judgment is affirmed.

Judgment affirmed.