## Carolyn Shipley Jones, Appellee, v. Ed Keilbach and William Savitsky, Appellants.

Opinion filed June 6, 1938.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellants.

CHAS. L. CRAY and RALPH D. WALKER, both of East St. Louis, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Carolyn Shipley Jones, plaintiff respondent, hereinafter referred to as plaintiff, brought this action against Ed Keilbach, a tavern keeper and William Savitsky, the owner of the building in which Keilbach operated the tavern, to recover damages to her means

of support alleged to have been caused by the intoxication and consequent death of her son, Joe B. Shipley. The action was brought under the provision of sec. 135, ch. 43, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 68.042]. A trial with a jury resulted in a verdict for the defendants. The court allowed plaintiff's motion for a new trial and defendants, by leave granted, have appealed from that order.

The evidence shows the deceased was first seen in defendant Keilbach's tavern in East St. Louis between 9 and 9:30 of the evening of September 5, 1936, that he stayed there until about 1:30 the following morning, that he was drinking beer in the tavern; that there was 30 or more persons present, dancing and drinking and that at times during the night the deceased joined in the dancing. There is a conflict in the evidence as to whether he was intoxicated but some of plaintiff's witnesses testified that he staggered when he walked and was noticeably under the influence of liquor. No account of his whereabouts is shown from the time he was last seen at the tavern at 1:30 until 4:20 of the same morning when two police officers removed him from a hole or depression in a vacant lot adjacent to the sidewalk. The place where he was found was a distance of three and a half blocks from defendant's tavern and if he had started from the tavern to his home he had gone in the opposite direction. The place where Shipley was found is described as being 8 to 10 feet below the surface of the walk. A fence or guard rail extended along the walk as a protection to pedestrians on the walk. A board of this fence was loose at one end and down. Deceased was alive when found by the police officers but was paralyzed in body and limb. The undisputed medical testimony is that his neck was broken. There were no marks of any kind on his body. He died the same day that he received the injury.

The record does not disclose the ruling which the trial court deemed erroneous, but council in their respective briefs confine their argument to the giving of one of defendant's instructions.

This instruction, numbered 7, was as follows, "The court instructs the jury that if you believe from the evidence in this case that the injuries which resulted in the death of Joe Shipley were occasioned to him through some intervening cause over which the defendant, Ed Keilbach, had no control, then the plaintiff would not be entitled to recover as against the defendants and your verdict should be one finding the defendants not guilty."

The statute which gives the right of recovery to one who has been injured in person, property or means of support by any intoxicated person or in consequence of intoxication provides that the action shall be against the person or persons who by selling or giving alcoholic liquor caused the intoxication in whole or in part.

This section, enacted in 1933, is substantially the same as section 9 of the old Dram Shop Act, the only change being the words "alcoholic liquors" having been substituted for "intoxicating liquors."

In *Schroder v. Crawford,* 94 Ill. 357 the facts showed that an intoxicated person in going to his home in the night had to cross a railroad and next morning was found on the track, killed by being run over by a train of cars. The court in sustaining a verdict against the one who sold the liquor said, "It was not the intention that the intoxicating liquor alone, of itself, exclusive of other agency, should do the whole injury. That would fall quite short of the measure of remedy intended to be given." In further discussion the court said, "It is said there was here an intervening agency which caused the death, to-wit: the train of cars; that that was the proximate cause, and the intoxication but the remote cause and that the proximate cause only is

to be looked to. So it might be said where one from intoxication lies down and becomes frozen to death, or falls into the fire and is burned to death, or is drowned by a freshet, as in *Hackett v. Smelsley,* 77 Ill. 109, that the intervening agency of frost, fire and the freshet occasioned the death and was the proximate cause, and thus no liability under this statute. This would be construing away the statute in defeat of its purpose." This case was followed in *Triggs v. McIntyre,* 215 Ill. 369.

If the injury to Joe Shipley was directly attributable to his intoxicated condition and there was no other agency intervened sufficient of itself to stand as the cause of the injury, then the intoxicated condition would be considered the proximate cause of the injury, but if he received the injury while intoxicated, through the agency of an outside force but such intervening cause could not and would not have reasonably been brought into action except by reason of the intoxicated condition then in such case the intoxication would be a contributing factor and would be within the provisions of the statute. On the other hand if Joe Shipley while in an intoxicated condition suffered an injury by an intervening cause which intervening cause of itself broke the causal connection between the intoxication and the injury and the intoxicated condition was not either the proximate or remote cause of the injury then the defendants would not be liable even though Keilbach had sold the alcoholic liquors which caused the intoxication.

From this instruction the jury could well have concluded that the defendants were not liable if there was any intervening cause, over which Keilbach had no control, that occasioned the injury, even though the intoxication created a condition in Joe Shipley by reason of which the intervening agency was caused to operate. The intervention of an intervening cause would not

exempt the defendants from liability only when the intervening cause severed all causal connection between the intoxication and the injury and the instruction given was not so limited.

Under the evidence in this case the giving of the instruction was prejudicial error and plaintiff should have the opportunity of submitting her case to another jury. The order granting a new trial is affirmed.

*Order affirmed.*