Mary Hyba et al., Appellants, v. C. A. Horneman, Inc. et al., Appellees.

Gen. No. 9,457.

144

Opinion filed September 22, 1939. Rehearing denied November 30, 1939.

C. A. PEDDERSON, of Rockford, WALTER L. ORPE and EDMUND M. GRAY, both of Chicago, for appellants.

WILLIAM D. KNIGHT, of Rockford, and LORD, BISSELL & KADYK, of Chicago, for appellees.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This action was brought by appellants against appellees under the civil damage section of the Dramshop Act (sec. 135, ch. 43, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 68.042]), which section provides that: "Every husband, wife, child, parent and . . . or other person, who shall be injured, in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, . . . of any person, shall have a right of action . . . severally or jointly, against any person or persons who shall, . . . have caused the intoxication, in whole or in part, of such person."

The complaint alleges appellants to be the parents and brother and sister of Mary Hyba, deceased; that while she was riding in an automobile with Wilson B. Lowery, as his guest, on November 20, 1937, she was killed in an accident alleged to have been caused by his intoxication. It is alleged that his intoxication was produced by defendant appellees. The complaint alleged that the deceased was steadily employed and earned an annual income of $1,800, from which she contributed materially to the support of appellants.

Appellees filed their motion to dismiss the complaint on the ground that appellant, Anthony Hyba, as father and administrator of the estate of Mary Hyba, deceased, instituted an action under the Injuries Act, ch. 70, § 1 et seq., Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 38.01 et seq.], against Wilson B. Lowery for her wrongful death; that appellants in that action were the next of kin of the deceased, and therefore the same persons as bring this suit; that the suit against Wilson B. Lowery under the Injuries Act was settled for the sum of $2,500; and that this action under the Dramshop Act will not lie. It appears that the suit under the Injuries Act was terminated by a covenant not to sue based upon the payment of $2,500.

The court granted the motion of appellees to dismiss this action brought under the Dramshop Act. It is the position of appellees that the Injuries Act and the

Dramshop Act are each exclusive of the other, and the rights created thereunder not cumulative; that where a party elects to bring a suit, as was done here, under the Injuries Act against an alleged wrongdoer, he thereby elects to pursue that remedy and is barred from bringing suit under the Dramshop Act against persons producing the intoxication of the wrongdoer, whose consequent acts resulted in the injuries. Appellees urge that where a party brings a suit, which he may bring only by reason of a statute, he thereby elects to pursue the remedy provided by that statute, to the exclusion of any other remedy. Appellants urge that the Injuries Act and the Dramshop Act are separate and distinct, that the causes of action therein created are separate and distinct, and that bringing suit under the one does not bar suit under the other. Thus, the case is presented to this court. The question appears to be somewhat unsettled by judicial decision in this State and no like case in any other jurisdiction has been called to our attention.

The common law gave no remedy for the sale of liquor either on the theory that it was a direct wrong or on the ground that it was negligence, which would impose a legal liability on the seller for damages resulting from intoxication. Neither did the common law provide for survival of actions for wrongful death. The right of action created by the acts under consideration herein are purely statutory. To supply the defect of the common law in the way of remedy for injuries or damages caused by intoxication, the legislatures of most of the States have passed statutes creating the right of action therefor. Such statutes have uniformly been upheld. However, they are penal in character and therefore should be strictly construed. *Cruse v. Aden,* 127 Ill. 231. But the prevailing view is that such legislation is remedial and should be so construed as to suppress the mischief and advance the remedy.

The survival of action for wrongful death came into existence by virtue of the act of February 12, 1853. Its intended purpose is manifest and it was designed for the exclusive benefit of the widow and next of kin of the deceased person. By its terms, action thereunder cannot be maintained except in such cases as the injured party himself could maintain. No such restrictions exist under the Dramshop Act. There, recovery may be had by any person injured in their person, or property, or of their means of support, even though there could be no recovery for wrongful death, under the Injuries Act, and even though the deceased person could not have maintained an action for his injuries had death not ensued. *Schroder v. Crawford,* 94 Ill. 357; *Meyer v. Butterbrodt,* 146 Ill. 131, 134; *Triggs v. McIntyre,* 215 Ill. 369, 374.

Civil damage statutes with reference to keeping dramshops are similar in purpose and therefore have a general similarity in their terms and provisions. The evident object is to punish those who furnish means of intoxication by making them liable in damages caused thereby. Such statutes are generally designed to embrace and include all injuries produced by the intoxication which legitimately result therefrom. To maintain an action under the Dramshop Act against the vendor of liquor, it is not necessary that action should also be maintainable against the intoxicated person. There are many cases where suits result under such act based upon injury to means of support due to the husband's loss of earning power. It is sufficient if any person has been injured as provided by the act.

The case of *Brockway v. Patterson,* 72 Mich. 122, 40 N. W. 192, 1 L. R. A. 708, was an action by the wife under a Civil Damage Act relative to the keeping of dramshops, similar to that in force in this State. It was there argued by the defendant, that at common law, no action could be brought by the widow because of the death of her husband, and that the legislature

recognizing this fact, provided by statute when recovery might be had for loss of life, and that within such statutory provisions, which were directly aimed at injuries resulting in death, were included all the remedies known to the law for civil damages growing out of the death of any person. The statute there urged by the defendant was one providing for survival of an action for wrongful death similar to the Injuries Act of this State. The court there said with reference to the above contention of the defendant, that the statute upon which the plaintiff based her action did not mention the widow or speak of the death of an intoxicated person or of death resulting from intoxication. It was there said that the language used in the Civil Damage Act was broad and comprehensive and created a separate and distinct right of action to that created by the Injuries Act, and gave a right of action to the wife or other person injured, in person or property, or means of support, by reason of the intoxication of any person.

We have seen by the above authorities that in order to maintain an action under the Dramshop Act, it is not necessary that a right of action be maintainable under the Injuries Act for wrongful death. While on the other hand, the cause of action given by the Injuries Act is grounded on the deceased's own rights, and if it appear that his death was the proximate result of his own negligence, there can be no recovery.'

In *Hackett v. Smelsley,* 77 Ill. 109, the contention of appellees as urged here, was urged there, namely, that the Injuries Act which was a previous statute to the Dramshop Act, provided a remedy for wrongful death caused by another; that such statute created the action in favor of the personal representatives of the deceased person; that recovery thereunder was for the benefit of the widow and next of kin; and that an action under the Injuries Act for wrongful death, and an action under the Dramshop Act, would not lie for damages resulting from wrongful death caused by the act

of another. The court on p. 122 of the opinion in referring to the Injuries Act and in making a distinction between the remedies provided for by the two acts, states, that the statute creating the Injuries Act gives the right of action only where the wrongful act causing the death is such as would, if death had not ensued, entitled the party injured to maintain an action to recover damages in his own behalf. It was there pointed out that the husband who had become intoxicated could not have maintained a right of action in his own behalf. The court suggests that such a contention as there urged by the defendant, and as herein urged by appellees, would be too strict in its application. In harmony with the expression of the court in the above case is that of *O'Connor v. Rathje,* 368 Ill. 83, 87, where the following language is used with respect to the statutory right of action created by the Dramshop Act and by the Injuries Act: "The Injuries act and the Dram-Shop act are not only separate and distinct but are based upon different powers of the commonwealth, . . . the rights created by the respective statutes do not rest upon the same basis."

This is not an action for damages for the death of plaintiffs' intestate as contemplated and provided for in the Injuries Act, but it is an action for injury to means of support to those enumerated in the Dramshop Act, occasioned by the death of plaintiffs' intestate which was alleged to have been in consequence of the acts of an intoxicated person whose intoxication was brought about by appellees. By the provisions of the Dramshop Act, one risk incident to the liquor business is, that he who engages therein is made responsible for injuries the intoxicated person may inflict because of such intoxication.

Thus it appears that the Injuries Act does not permit recovery if the deceased's death was the result of his own negligence, while under the Dramshop Act the right of recovery is not contingent upon the deceased's

exercise of due care and caution. Action under the latter act may be maintained even though the deceased could not have maintained an action for damages in his own right.

Therefore, we find the two acts to be separate and distinct, and that the rights created thereby do not rest upon the same basis, as announced in the case of *O'Connor v. Rathje, supra*. They are subject to different rules of law respecting liability. The right of recovery under each appears to be separate and distinct and in no way founded upon or governed by right of recovery under the other. The rules of law and the measure of damages are different with respect to these actions. Exemplary damages are permitted under the Dramshop Act and contributory negligence of the deceased is no bar to recovery. We thus find that the one action will lie where the other will not. This permits of but one conclusion—that they are independent actions—and hence, the one cannot be considered as exclusive of the other.

It is our conclusion, that the right of action under the Dramshop Act is a statutory remedy and lies as given by the statute without regard to the survival of actions for wrongful death as contained in the Injuries Act. The trial court erred in granting appellees' motion to dismiss appellants' complaint. The cause is reversed and remanded with directions to overrule appellees' motion to dismiss appellants' complaint, and for such further proceedings as the parties may elect to take.

*Reversed and remanded with directions.*