Jess Anne Thompson, Minor, by Cordelia Thompson, Her Mother and Next Friend et al., Appellees, v. William Wogan, Individually and Trading as The Carioca Club. Chicago Title and Trust Company, Appellant.

Gen. No. 41,397.

Opinion filed March 31, 1941. Rehearing denied April 14, 1941.

LORD, BISSELL & KADYK, of Chicago, for appellant; GORDON R. CLOSE and RUSSELL GREENACRE, both of Chicago, of counsel.

McGINNIS & MULHOLLAND and GARIEPY & GARIEPY, both of Chicago, for appellees.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This appeal brings before us for review a judgment of $2,000 entered in favor of Cordelia Thompson, Jess

Anne Thompson and William H. Thompson, Jr. against William Wogan, individually and doing business as the Carioca Club, and the Chicago Title & Trust Company. The action of plaintiffs was based on § 14, par. 135 of the Dram Shop Act. (Smith-Hurd Ann. Stats., ch. 43, p. 40 [Jones Ill. Stats. Ann. 68.042].)

Cordelia Thompson is the wife, Jess Anne and William the minor children of William H. Thompson. Wogan is the keeper of a tavern known as the Carioca Club at 6426-28 S. Ashland avenue in Chicago. The Chicago Title & Trust Company is the owner lessor of the premises on which the tavern is conducted.

There is practically no dispute as to material facts. Plaintiffs' claims are for injury to their means of support. Their action is based on the statute solely. On the night of June 13, 1936, and continuing into the morning of June 14, Thompson, Sr. visited the tavern and drank alcoholic liquor purchased there. As a result he became intoxicated. While in this condition his conduct provoked Wogan, who struck him knocking him down and fracturing his jaw. Customers intervened, picked Thompson up and placed him on a chair. There was no evidence that Wogan was intoxicated when he struck Thompson or that any person involved in the assault other than Thompson was intoxicated. The injuries sustained were severe. In this action Thompson recovered a judgment against Wogan on account of the assault for $300, from which Wogan has not appealed. There is no contention that the amount of the judgment in favor of Mrs. Thompson and the children is excessive or that errors other than those hereafter mentioned occurred on the trial.

By motion for an instructed verdict at the close of all the evidence, and by motion for judgment notwithstanding the verdict and for a new trial after the verdict was returned, defendants have preserved for review their contention that the evidence is insufficient to sustain a cause of action against them under the

statute because it fails to show that the intoxication of Thompson or other persons was the proximate cause of the damage or injury for which the plaintiffs sue. At any rate, it is contended the verdict of the jury is on this issue manifestly against the weight of the evidence and a new trial should have been granted for that reason.

Section 14 of the present Dram Shop Act is identical with section 9 of the Dram Shop Act of 1874, R. S. 1874, p. 438, except that where the words "alcoholic liquor" or "alcoholic liquors" occur in the present act the words "intoxicating liquor" were used in the former act. The section provides:

"Every husband, wife, child, parent, guardian, employer or other person, who shall be injured, in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person; and any person owning, renting, leasing or permitting the occupation of any building or premises, and having knowledge that alcoholic liquors are to be sold therein, or who having leased the same for other purposes, shall knowingly permit therein the sale of any alcoholic liquors that have caused, in whole or in part, the intoxication of any person, shall be liable, severally or jointly, with the person or persons selling or giving alcoholic liquors aforesaid, for all damages sustained, and for exemplary damages; . . . ."

Manifestly, it was the intention of the legislature to create liability in a class of cases in which there was no liability at common law. *Hyba v. C. A. Horneman, Inc.,* 302 Ill. App. 143 (Abst.). The first section of the Liquor Control Act, of which this section is a part, provides that the act shall be construed liberally in

order to effectuate the ends declared. This is not in any sense a common-law negligence action. In Ruling Class Law, 15 R. C. L., § 206, pp. 435, 436, it is stated that whether damages remotely as well as proximately due to intoxication may be recovered usually depends upon the phraseology of the statute, and where an action is brought for damages for the affirmative act of an intoxicated person the courts are practically unanimous in holding it is unnecessary to show the intoxication was the proximate cause of the injury, but where the action is based on the clause ''in consequence of the intoxication,'' or its equivalent, it has usually been held necessary to prove the intoxication proximately caused the damage. In support this authority cites cases here relied on: *Shugart v. Egan,* 83 Ill. 56, 25 Am. Rep. 359; and *Schmidt v. Mitchell,* 84 Ill. 195, 25 Am. Rep. 446.

In the *Shugart* case a drunken husband insulted and menaced a party who stabbed him. The Supreme Court held the intoxication was not the cause of the injury to the wife's support, quoting Lord Bacon's statement that the law ''contenteth itself with the immediate cause.'' In the *Schmidt* case Mitchell, the husband, became drunk, attacked the home of another party and while doing so received a slight wound from a pistol shot. By reason of his neglect in refusing to follow the advice of his surgeon this slight wound resulted in his death. The intoxication was held to be a cause too remote to permit recovery. In both of these cases two judges dissented.

In the later case of *Schroder v. Crawford,* 94 Ill. 357, 34 Am. Rep. 236, these cases were distinguished. There the husband of the plaintiff drank liquor sold by one Sullivan who conducted a saloon on premises leased from Schroder, and became drunk. At about 5:00 o'clock the next morning his dead body was found on the railroad track crushed and mangled. He had to cross these tracks on his way home. The Supreme

Court said the case differed from a case where a party was injured by the wilful criminal act of a third party, and that the death of the deceased was the natural and probable result of his intoxication. The opinion cites *Emory v. Addis,* 71 Ill. 273, as a similar case, points out that the suit is based on a statutory remedy rather than common-law principles and that under the same circumstances there would be liability where a husband froze to death or died from falling into a fire or drowned in a freshet. The opinion said it was not the intention that the intoxicating liquor alone of itself, exclusive of other agency, should do the whole injury. That would fall quite short of the measure of remedy intended to be given.

In *Baker & Reddick v. Summers,* 201 Ill. 52, cited by defendant, there was a suit by the wife and judgment in her favor. The husband of plaintiff was shot and killed by one Marcum. The evidence tended to show defendants sold liquor to the husband who became intoxicated by reason thereof and assaulted Marcum while they were in a gambling room above defendants' saloon. The Supreme Court said: ''It was necessary for plaintiff to prove the sale of liquor, consequent intoxication, and that such intoxication caused the death of her husband.''

Plaintiff was permitted to prove by the president of the town board that he had called the attention of defendants to the fact that a gambling room was conducted above their saloon. This was held to be improper and prejudicial. By an instruction the jury was told that if the killing of plaintiff's husband was in consequence of the sale or gift of liquor to him by defendants and the negligent act of a man named Doc Marcum, then the sale was the effective cause of the injury and might be regarded as the proximate cause of the killing. The court said there was no evidence that the death of Summers was because of any negligent act. The instruction was therefore held inac-

curate. For these and other causes the judgment was reversed and the cause remanded for another trial. The case is not in point here.

Defendant also cites *Haw v. 1933 Grill, Inc.*, 297 Ill. App. 37. There the tavern keeper sold liquor to Haw, plaintiff's husband, from which he became intoxicated and while in that condition got into an altercation with one Belmont, a manager of defendant's tavern. Belmont struck Haw in the right eye injuring him severely and for a time incapacitating him from labor. As here, the defense interposed was that the intoxication was not the cause of plaintiff's injury but rather an intervening cause, namely, an assault by Belmont who was entirely sober. The opinion reviews the authorities and following *Jones v. Keilbach*, 295 Ill. App. 598, holds that Haw's intoxication was a direct contributing factor to his injury which defendant might have reasonably foreseen. The *Jones* case held that although there was an intervening and independent outside force causing the injury defendant was liable if the intoxication was a contributing factor to the independent force. The court also cited *King v. Haley*, 86 Ill. 106, and said:

"We are impelled to hold that Haw's intoxication was a direct contributing factor to his injury, that defendant might reasonably have anticipated such a consequence as Haw's injury as a result of his intoxication, and that plaintiff's action is within the contemplation of the section of the Dramshop Act heretofore set forth."

At any rate the question of proximate cause is for the jury and the jury here has returned a verdict for plaintiff on that issue which we cannot say is against the manifest weight of the evidence. The judgment will be affirmed.

*Judgment affirmed.*

O'CONNOR, P. J., and MCSURELY, J., concur.