CROSS et al. v. RYAN.

No. 7635.

Circuit Court of Appeals, Seventh Circuit.

Nov. 11, 1941.

Rehearing Denied Jan. 14, 1942.

Herman L. Ekern and Donald L. Thompson, both of Chicago, Ill., and David S. Lansden and David V. Lansden, both of Cairo, Ill., for appellants.

W. E. Cummins and Asa J. Wilbourn, both of Cairo, Ill., for appellees.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The plaintiffs-appellees, Ione Cross, and her three minor children, by Ione Cross, their next friend, all citizens and residents of Kentucky, brought this action against Phil Ryan, a citizen and resident of Illinois, to recover damages for loss of their means of support, as provided under the so-called Dram Shop Act of Illinois (Ch. 43, Sec. 135, Illinois Revised Stats.1939). So much of the Act as is applicable reads as follows: "Actions for damages caused by intoxication. § 14. Every husband, wife, child, parent, guardian, employer or other person, who shall be injured, in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person."

Plaintiffs are the widow and minor children of one George Cross, who was killed by one George Stout in a fight on the night of April 9 and 10, 1938. The amended complaint is in twelve counts. There are three causes of action asserted in behalf of each of the four plaintiffs. Counts 1, 4, 7, and 10 on behalf of each of the plaintiffs separately allege that the defendant, Phil Ryan, as proprietor of a tavern, sold or gave intoxicating liquor to George Cross, the husband and father of the plaintiffs, and thereby Cross became intoxicated, and as a result of his intoxication he assaulted and abused one George Stout, who in turn, by reason of the drunken assault made upon him by Cross, assaulted and beat Cross, who by reason of his intoxicated condition, was unable to defend himself, and as a result of the injuries inflicted by Stout upon Cross, the latter died.

Counts 3, 6, 9, and 12 on behalf of each of the plaintiffs separately allege that the defendant, Phil Ryan, as the proprietor of a tavern, sold or gave intoxicating liquor to Cross and Stout, and as a result, they both got drunk and became involved in a drunken brawl, wherein Stout injured Cross, from which injuries Cross died.

Counts 2, 5, 8, and 11 on behalf of each of the plaintiffs separately allege that the defendant, Phil Ryan, as the proprietor of a tavern, sold intoxicating liquor to George Stout, who, as a result thereof became intoxicated, and as a result of the intoxication, Stout assaulted and injured Cross, who died from the injuries.

The defendant filed a motion to dismiss the amended complaint and each count thereof. The motion was overruled. The defendant answered, and to this answer, a reply was filed by the plaintiffs, and upon the issue thus formed a trial before a jury was had, and resulted in a verdict for the plaintiffs. The defendant filed a motion for judgment, notwithstanding the verdict, and for a new trial in the alternative. The motion was overruled, judgment entered on the verdict, and this appeal followed.

The first point argued by the defendant-appellant is that this Court has no jurisdiction because the suit is penal in its nature and is not a suit of a civil nature, within the meaning of 28 U.S.C.A. § 41, conferring original jurisdiction upon the District Courts of all suits of a civil nature.

Is this a suit of a civil nature? We think it is. We have found no case in Illinois directly in point. In two cases where the court was considering the statute of limitations as applied to the section in question and a similar section under a prior statute, the Illinois Court of Appeals had held that the two-year statute of limitations applicable to actions for the recovery of a penalty did not apply. O'Leary v. Frisbey, 17 Ill.App. 553; Desiron v. Peloza, 308 Ill.App. 582, 32 N.E.2d 316.

However, the United States Supreme Court has decided what is meant by suits of a civil nature within the meaning of this statute. Mr. Justice Stone, speaking for the Court in Milwaukee County v. White Co., 296 U.S. 268-270, 56 S.Ct. 229,

231, 80 L.Ed. 220, defined what is meant by the provision of the statute conferring original jurisdiction upon the District Courts, in these words:

"By section 24(1) of the Judicial Code, 28 U.S.C. § 41(1), 28 U.S.C.A. § 41 (1), District Courts are given original jurisdiction 'of all suits of a civil nature, at common law or in equity,' where there is the requisite diversity of citizenship and the amount in controversy exceeds $3,000. In this grant of jurisdiction of causes arising under state as well as federal law the phrase 'suits of a civil nature' is used in contradistinction to 'crimes and offenses,' as to which the jurisdiction of the District Courts is restricted by section 24(2) * * * to offenses against the United States. Thus, suits of a civil nature within the meaning of the section are those which do not involve criminal prosecution or punishment, and which are of a character traditionally cognizable by courts of common law or of equity."

In the case at bar, there is nothing of a criminal nature about the suit. The State has no interest in the recovery or the proceeds thereof. The fact that the recovery of damages under this Section may help the State in its policy to regulate the sale of intoxicating liquor, does not make a suit to recover the damages a suit in its nature other than a civil suit. Whether it is a suit of a civil nature is not to be determined by whether the statute is to be considered as penal or remedial for the purpose of applying the rule of strict construction. The test is whether the action brought to recover under the cause of action given by the statute is essentially a suit to vindicate a private right as distinguished from punishment in a criminal action. Gruetter v. Cumberland Telephone & Telegraph Co., CC., 181 F. 248-251.

In the leading case of Huntington v. Attrill, 146 U.S. 657-667-676, 13 S.Ct. 224, 227, 36 L.Ed. 1123, the Supreme Court points out the distinction between the penal and civil aspects of statutes in the following language:

"Statutes giving a private action against the wrongdoer are sometimes spoken of as penal in their nature, but in such cases it has been pointed out that neither the liability imposed nor the remedy given is strictly penal. * * *

"As the statute imposes a burdensome liability on the officers for their wrongful act, it may well be considered penal, in

the sense that it should be strictly construed. But as it gives a civil remedy, at the private suit of the creditor only, and measured by the amount of his debt, it is as to him clearly remedial. To maintain such a suit is not to administer a punishment imposed upon an offender against the state, but simply to enforce a private right secured under its laws to an individual. We can see no just ground, on principle, for holding such a statute to be a penal law, in the sense that it cannot be enforced in a foreign state or country." See also United Breweries v. Colby, CC., 170 F. 1008.

We therefore hold that where the suit is brought in an individual plaintiff's name and is exclusively under the control of the plaintiff, and the recovery inures to the exclusive benefit of the plaintiff, it is a suit of a civil nature. The case at bar is such a case.

The defendant-appellant next raises the question of the sufficiency of counts 1, 4, 7, and 10, and 3, 6, 9, and 12 under his motion to dismiss.

As to the cause of action set up in counts 1, 4, 7, and 10: In these counts it is charged that the defendant sold intoxicating liquor to George Cross, the husband and father of the plaintiffs, as a result of which he became intoxicated, assaulted and abused George Stout, who in turn by reason of the drunken assault of Cross, assaulted Cross, who, because of his intoxication, was unable to defend himself, and was thereby injured, from which injuries he died. The defendant-appellant argues that because it was not alleged that Stout was intoxicated by liquor sold him by the defendant and as a result thereof he assaulted and beat Cross to death, that Stout was the intervening responsible cause of the injury to Cross, and not the sale of intoxicating liquor to Cross by the defendant.

We think each of the counts states a cause of action. The statute clearly provides that if the wife and children shall be injured in their means of support in consequence of the intoxication of any person, they shall have a right of action against any person who sold or gave the intoxicating liquor which caused the intoxication of such person, in whole or in part.

The allegations of these counts as we have above outlined them come clearly within the provisions of the statute, and allege the causal connection between the

sale of the liquor and the intoxication, and the injury and the death. Haw v. 1933 Grill, Inc., 297 Ill.App. 37, 17 N.E.2d 70.

Counts 3, 6, 9, and 12 allege both Cross and Stout were made intoxicated by liquor sold them by the defendant, and as a result of their intoxication, engaged in a drunken brawl in which Stout beat Cross, thereby causing his death. There can be no question but what each of these counts states a cause of action within the statute, and we so hold.

The defendant next challenges under his motion for a new trial the sufficiency of the evidence to support the causes of action stated in the complaint. We have held each count good, and therefore if there is substantial evidence to sustain any one count in favor of each plaintiff, the general verdict must be upheld.

We do not weigh the evidence or pass upon the credibility of the witnesses. We look only to the substantial evidence that supports the verdict. We have examined the evidence, and it shows that Cross and Stout came into the defendant's tavern about 9 or 9:30 p.m. of the evening of April 9, 1938, and remained there until after midnight, drinking beer and whiskey sold to them by the defendant. Both Cross and Stout became intoxicated. Cross was so intoxicated that he spilt beer down the front of his shirt when he tried to drink. Cross staggered around the tavern, and he and Stout were arguing as they stood drinking at the end of the bar. Cross staggered out of the tavern, followed by Stout, who was also drunk. A few minutes later other customers of the tavern went outside and found Cross and Stout in a fight, with Cross down on the ground and Stout on top of him, beating him in the face. Stout got up off Cross, who remained upon the ground helpless, and Stout jumped in his face. Cross was taken immediately to a hospital, where he died that night as a result of the injuries inflicted on him in this drunken brawl by Stout.

These facts and the fair inferences the jury were entitled to draw from them, constitute substantial evidence upon which to support the verdict of the jury. Emory v. Addis, 71 Ill. 273-276; Haw v. 1933 Grill, Inc., 297 Ill.App. 37, 17 N.E.2d 70; Jones v. Keilbach, 295 Ill App. 598, 15 N.E.2d 618.

The judgment is affirmed.