**ARINGTON et ux. v. PHELPS.**
**Civil Action No. 786–D.**

District Court, E. D. Illinois.
July 14, 1948.

E. Palmer James, of Paducah, Ky. and Ray Foreman, of Danville, Ill., for plaintiff.

Ekern, Meyers & Matthias, of Chicago, Ill., David V. Lansden, of Cairo, Ill., and Jones, Sebat, Stipp & Swanson, of Danville, Ill., for defendants.

LINDLEY, District Judge.

Though the statute is not mentioned, this is a complaint under Section 14 of the Illinois Dram Shop Act, Ill.Rev.Stats., Chap. 43, § 135, in which plaintiffs seek to recover for loss of their means of support. Jurisdiction is based on diversity of citizenship; plaintiffs are citizens of Kentucky and defendant is a citizen of Illinois.

It is averred that one Wallace Arington was a patron of defendant's tavern; that as a result of defendant's sale of liquor to another patron, whose name is unknown to plaintiffs, the patron became intoxicated; that, as a consequence of said intoxication, Arington was killed by a pistol being discharged while in the hands of defendant's bartender, who at the time was engaged in a fracus or fight with the unknown intoxicated customer. The complaint avers that plaintiffs, parents of the deceased, were entirely dependent on him for support.

The complaint does not specifically allege that recovery is sought under the provisions of the Dram Shop Act, but plaintiffs' reply brief so states and I know of no requirement that the statute must be pleaded. Consequently that portion of defendant's motion to strike dealing with the Injuries Act Ill.Rev.Stat.1947, c. 70, § 1 et seq., justifies no discussion.

Defendant also asserts that the complaint does not state a cause of action under the Dram Shop Act because Arington was killed by a person not intoxicated; hence the intoxication of the unknown customer was not the proximate cause of the injury.

Defendant is attacking the sufficiency of the complaint. His motion is

really a motion to dismiss rather than one to strike. Both the Illinois and Federal Rules intimate that the proper motion is a motion to dismiss. I shall treat the motion as one to dismiss.

Section 14 of the Dram Shop Act is in part as follows: "Every husband, wife, child, parent, guardian, employer or other person, who shall be injured, in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person." The complaint, following the wording of the statute, alleges that Arington was killed "as a consequence of the intoxication of the said customer."

Defendant relies mainly on two cases: Lueken et al. v. People, 1879, 3 Ill.App. 375, and Shugart v. Egan, 1876, 83 Ill. 56, 25 Am.Rep. 359. The Lueken case was based on Section 5 of the Dram Shop Act of 1874, which required saloon keepers to give a penal bond upon which suit could be· brought for the use of any person injured "by reason of" the sale of intoxicating liquors. In that case the defendant's bartender got into an altercation with an intoxicated customer, threw a beer glass at him and hit one Lortz on the head. Suit was brought for the use of Lortz. The appellate court denied recovery because the injury was not the natural and proximate consequence of selling the liquor. The court said: "The defendant could hardly be presumed to have foreseen that his act of selling the liquor would have produced or been followed by the altercation in which a stroke aimed at Bevenue would fall upon the plaintiff, and therefore he cannot be held responsible." The Shugart case invoked Section 9 of the Dram Shop Act of 1874 which was essentially the same as Section 14 of the present Act. In that case, plaintiff's husband, while intoxicated, menaced one McGraw, and McGraw killed him. In denying recovery, the Supreme Court held that this was an exceptional and not a natural or probable consequence which defendant could have foreseen when he sold the liquor. Neither of these early cases has been expressly overruled, but because of later decisions which I shall mention, I think they have lost their compelling force as authority.

Plaintiffs contend that the question raised by defendant was answered in the case of Cross v. Ryan, 7 Cir., 124 F.2d 883, certiorari denied 316 U.S. 682, 62 S.Ct. 1269, 86 L.Ed. 1755. There plaintiff's husband, Cross, became intoxicated from consumption of liquor sold by Ryan, and assaulted one Stout, who in turn inflicted injuries on Cross which caused his death. Some of the counts in the complaint averred that both Cross and Stout were drunk. Other counts merely alleged that Cross was drunk. Defendant filed a motion to dismiss all counts contending that Stout was an intervening cause of the injury, especially in those counts not alleging Stout to be drunk. The court held that each count stated a cause of action. It said [124 F.2d 886]: "The allegations of these counts as we have above outlined them come clearly within the provisions of the statute, and allege the causal connection between the sale of the liquor and the intoxication, and the injury and the death. Haw v. 1933 Grill, Inc., 297 Ill.App. 37, 17 N.E.2d 70." Thus we have a recent decision of our own Circuit Court of Appeals to the effect that the causal chain is not broken merely because the actual injury is inflicted by a person not intoxicated. Therefore, the fact that defendant's bartender was not intoxicated is not decisive of the question.

In Schroder v. Crawford, 94 Ill. 357, at page 361, 34 Am.Rep. 236, the court said: "It was not the intention that the intoxicating liquor alone, of itself, exclusive of other agency, should do the whole injury. That would fall quite short of the measure of remedy intended to be given. The statute was designed for a practical end, to give a substantial remedy, and should be allowed to have effect according to its natural and obvious meaning."

In Klopp v. Benevolent Protective Order of Elks, Lodge No. 281, 309 Ill.App. 145, 33 N.E.2d 161, a member of the lodge became intoxicated and started· a general brawl. Plaintiff's wife was caught in the center

of it; plaintiff went to her rescue, was knocked down, and, while he was on the floor, one Callans, who had not been involved in the fracus at all, jumped on the pile of men on the floor. Plaintiff suffered a fractured leg, but was not certain just when or how he received the injury. Defendant contended that the injury was caused by Callans, a sober person, and that he was an independent intervening cause. The evidence was conflicting as to whether Callans was sober, and in sustaining a judgment for the plaintiff, I think the court assumed that the trial court found Callans to be intoxicated. In discussing liability, the court said at page 152 of 309 Ill.App., at page 165 of 33 N.E.2d: "It is common knowledge that drunken brawls result in places where liquor is sold and drunk and such brawls are frequently, if not usually, preceded by insolent and quarrelsome language on the part of intoxicated persons. It is a frequent occurrence in our nisi prius courts that suits seeking recovery of damages under the Dram Shop Act arise wherein altercations so begun have ended in fights and resultant injuries to the person, property or means of support of some other person or persons. To hold that a sober person who happened to be in a position to be injured in consequence of a condition caused by a dispenser of liquor could not recover would defeat the purpose of the statute."

In Haw v. 1933 Grill, Inc., 297 Ill.App. 37, 17 N.E.2d 70, the complaint alleged that defendant sold intoxicating liquor to plaintiff's husband causing his intoxication in consequence of which he suffered an eye injury in an altercation with defendant's floor manager, who was attempting to evict him. A judgment for plaintiff was affirmed.

In Jones v. Keilbach, 295 Ill.App. 598, at page 602, 15 N.E.2d 618, 620, the court said: "* * * But if he received the injury while intoxicated, through the agency of an outside force, but such intervening cause could not and would not have reasonably been brought into action except by reason of the intoxicated condition then in such case the intoxication would be a contributing factor and would be within the provisions of the statute."

In some of the earlier cases, the Illinois courts indicated that the Dram Shop Act was penal in character and should be strictly construed. But, in the later cases, the prevailing judicial authority seems to be that the Act is remedial and should be so construed as to suppress the mischief involved and advance the remedy provided for in the statute. See Klopp v. Benevolent Protective Order of Elks, supra; Hyba et al. v. C. A. Horneman, 302 Ill.App. 143, 23 N.E.2d 564; Lester v. Bugni, 316 Ill.App. 19, 44 N.E.2d 68. Thus, in Thompson v. Wogan, 309 Ill.App. 413, 33 N.E.2d 151, the court stressed the fact that an action under the Dram Shop Act is not in any sense a common-law negligence action. In reading the more recent Dram Shop cases one is impelled to find that the Illinois courts do not follow the strict rules of proximate cause abiding in ordinary negligence actions

The motion to dismiss is denied. Defendant may have twenty days within which to answer.