### FORTIER *v.* MOORE & *a.*

A declaration, under Gen. Laws, *c.* 139, *s.* 33, alleging that the defendant unlawfully sold spirituous liquor to one who was made intoxicated thereby, and while so intoxicated killed the plaintiff's wife, who was dependent on the plaintiff for her support, "whereby the plaintiff permanently lost the society of his said wife and the comforts of a home, and has suffered, and always will suffer, for the society of his said wife

and the comforts of a home and from mental anguish, and in consequence whereof the plaintiff sustained great loss and damage," sets up an actionable loss or damage.

CASE. The defendants demurred to the following declaration: "In a plea of the case, for that the defendants at said Franklin, on the seventh day of December, A. D. 1889, did unlawfully keep, furnish, sell, and deliver certain spirituous and intoxicating liquors to one Madison G. Colby of said Franklin, and by reason of such unlawful keeping, furnishing, selling, and delivering such spirituous and intoxicating liquors as aforesaid to said Madison G. Colby, said Madison G. Colby then and there drank the same and thereby was made intoxicated, and while so intoxicated did make an assault upon and did shoot, kill, and murder one Martha Fortier of said Franklin, who was then and there the lawful wife of the plaintiff, and was then and there dependent upon the plaintiff for her support, whereby the plaintiff permanently lost the society of his said wife and the comforts of a home, and has suffered, and always will suffer, for the society of his said wife and the comforts of a home and from mental anguish, and in consequence whereof the plaintiff sustained great loss and damage."

*Edward B. S. Sanborn, Walter D. Hardy*, and *Frank N. Parsons*, for the plaintiff.

*Daniel Barnard* and *William L. Foster*, for the defendant Moore.

*Streeter, Walker & Chase*, for the defendant Sanborn.

BLODGETT, J. The only question in this case arises upon the defendants' demurrer to the plaintiff's declaration under the statute, enacting that "Whenever any person in a state of intoxication shall commit any injury upon the person or property of any other individual, any person who, by himself, his clerk or servant, shall have unlawfully sold or furnished any part of the liquor causing such intoxication, shall be liable to the party injured for all damage occasioned by the injury so done, to be recovered in the same form of action as such intoxicated person would be liable to, and both such parties may be joined in the same action; and in case of the death or disability of any person, either from the injury received as herein specified, or in consequence of intoxication from the use of liquor unlawfully furnished as aforesaid, any person who shall be in any manner dependent on such injured person for means of support, or any party on whom such injured person may be dependent, may recover from the person unlawfully selling or furnishing any such liquor as aforesaid all damage or loss sustained in consequence of such injury, to be recovered in an action on the case." G. L., *c.* 139, *s.* 33; P. S., *c.* 112, *s.* 32.

The declaration well alleges all the statutory requirements

necessary to a recovery when death results from injuries committed by a person while in a state of intoxication from the use of liquor unlawfully sold or furnished him, and however it may be as matter of fact, it cannot be properly held as matter of law that the plaintiff has suffered no actionable loss or damage in consequence of the death of his dependent wife. The language of the statute is clear and explicit, that all loss or damage may be recovered in such a case, and its intent to make the party unlawfully selling or furnishing the liquor responsible for all injuries resulting therefrom is beyond reasonable doubt; and assuredly there is no occasion to narrow the construction of the statute, or to fritter it away upon metaphysical niceties, to aid its admitted violators "in their attempt to escape the civil consequences imposed by the legislature upon their unlawful act." They should receive the benefit of their just legal rights, but nothing more.

*Demurrer overruled.*

All concurred.