FRANK MURPHY ET AL., APPELLANTS, v. WILLOW SPRINGS BREWING COMPANY ET AL., APPELLEES.

FILED MARCH 19, 1908. No. 14,949.

1. **Intoxicating Liquors: ACTION: PARTIES.** Where damages are sustained by an individual in consequence of the liquor traffic, under the provisions of sections 15-18, ch. 50, Comp. St. 1907, the action is properly brought by the party or parties entitled to such damages.

2. ———: ———: WAGES OF MINOR. The wages which a son would have earned during his minority would have belonged to his father, and he therefore suffers a direct pecuniary loss by death of his son.

3. ———: ———: DAMAGES.  There is no ground for restricting the
right of recovery in actions brought under the law governing
the sale of intoxicating liquors where death results within nar-
rower limits than actions brought under Lord Campbell's act;
and, while loss of means of support is a pecuniary injury, it
is not the only damage for which a recovery may be had in
such actions.

APPEAL from the district court for Douglas county: LEE
S. ESTELLE, JUDGE.  *Reversed with directions.*

*Smyth & Smith,* for appellants.

*I. J. Dunn* and *Gurley & Woodrough, contra.*

CALKINS, C.

This case was argued and submitted with the case of
*Murphy, Adm'r, v. Willow Springs Brewing Co.,* p. 223,
*post.*  The petition sets forth the same facts as the peti-
tion in the latter case with the exception of the appoint-
ment of the administrator; the injury which resulted in
the death of James A. Murphy being stated in substan-
tially the same language in each case.  To this petition a
general demurrer was interposed, which was sustained by
the court; and, from the judgment dismissing the action,
the plaintiffs appeal.

1. From the conclusion arrived at in the case of
*Murphy, Adm'r, v. Willow Springs Brewing Co.,* p. 223,
*post,* it necessarily follows that, if a right of action ex-
isted in favor of the next of kin of the deceased for the
injuries resulting in his death, they are the proper parties
to bring the action.

2. The defendants contend that no facts were pleaded
to show that any legal duty to furnish support to the
plaintiffs rested upon the deceased, and that, therefore, the
plaintiffs could not maintain the action.  The language of
the statute is that "the person so licensed shall pay all
damages that the community or individuals may sustain
in consequence of such traffic."  Paraphrased to meet the

facts in this case, it plainly says that the defendants shall pay all damages which the plaintiffs may suffer in consequence of the injuries which caused the death of their son. The wages which the son would have earned during his minority belonged to his father; and in the death of his son he has suffered a direct pecuniary loss. *Fitzgerald v. Donoher,* 48 Neb. 852.

3. There is no room for distinction in the character or extent of damages recoverable under Lord Campbell's act and under the Slocumb liquor law. At least there is no ground for restricting the recovery in actions brought under the latter act within narrower limits than those which depend upon the former. The provisions of the former are that in every case where the death of a person shall be caused by wrongful act, neglect or default such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, then the person who would have been liable if death had not ensued shall be liable notwithstanding the fact of such death; while the latter provides that the person licensed shall pay all damages that may be caused by the traffic in intoxicating liquors. The defendants claim that the gravamen of the action under the liquor law is loss of support, and that the plaintiffs must be shown to have been legally dependent upon the deceased. In support of this theory they cite *McClay v. Worrall,* 18 Neb. 44; *Chmelir v. Sawyer,* 42 Neb. 362; *Gran v. Houston,* 45 Neb. 813. In *McClay v. Worrall* the court goes no further than to hold that the action lies where the legal duty to support exists. *Chmelir v. Sawyer* was an action by a wife for the loss of support, and a judgment in her favor was sustained; but there is nothing in the opinion from which a doctrine that no action can lie, except for support by a dependent, can be deduced. *Gran v. Houston, supra,* was an action by a married woman for loss of support, and it was held that within the words "all damages" is included loss of means of support; but there is no suggestion excluding other elements of damage. Loss of means of support is pecuniary

injury; but it by no means follows that it is the only pecuniary injury for which a recovery may be had in such actions. We may not assume that a parent has no pecuniary interest in the life of a child, because he was not at the time of the death of such child dependent upon him. In each child there exists a potential assurance of support when the infirmities of age shall render the parent dependent. It is therefore held that a parent may recover for a wrongful act causing the death of a minor child where there is a general allegation of pecuniary damage. *Tucker v. Draper,* 62 Neb. 66. It is not necessary to determine whether the petition in this case is sufficient to cover the elements of damages beyond the mere legal right of his father to his earnings during minority. This case must be remanded; and, in view of the conclusion reached in the case of *Murphy, Adm'r, v. Willow Springs Brewing Co.,* p. 223, *post,* the plaintiff, Frank Murphy, should, if he desires, be allowed to amend his petition to more specifically cover his pecuniary loss beyond the right of services during minority.

We therefore recommend that the judgment be reversed and the cause remanded for further proceedings in accordance with this opinion.

AMES, C., concurs.

FAWCETT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings in accordance therewith.

REVERSED.