Gottlieb ISZLER and Christina Iszler,
Respondents,

v.

Peter JORDA and Irene Jorda, Appellants.

No. 7530.

Supreme Court of North Dakota.

Jan. 29, 1957.

J. K. Murray, Bismarck, for appellants.

R. J. Bloedau, Mott, for respondents.

BURKE, Judge.

In this action plaintiffs sought the recovery of damages pursuant to the Civil

Damage Act, Section 5–0121, NDRC 1943. In their complaint they alleged that the defendants illegally sold intoxicating liquor to their minor son, William; that as a result of drinking said liquor William became intoxicated and that while so intoxicated and as a result thereof he lost control of an automobile which he was driving, crashed into a bridge railing and died as a result of the injuries he received in the crash. Damages were demanded for loss of the services of the minor son, loss of his comfort and society, for funeral expenses and for worry, mental strain and other suffering. Exemplary damages were also demanded. The defendants denied generally all of the allegations of the complaint except the allegation that the defendant, Peter Jorda, was engaged in the business of selling intoxicating liquor. The action was tried to a jury and a verdict for $2,450 compensatory damages and $450 exemplary damages was awarded. After the entry of judgment on the verdict and within the time allowed by statute defendants moved for judgment notwithstanding the verdict. Later they made a separate motion for a new trial. Both motions were denied and defendants have appealed the orders denying the motions.

The motion for judgment notwithstanding the verdict was made upon two grounds:

"1. That the statute upon which the plaintiffs base their cause of action limits the liability of the seller of liquor to cases where the person to whom the liquor is sold commits a tort on a third person;" and

"2. That said statute, so far as applicable to the case at bar, only awards a plaintiff for loss of 'means of support'. There is no evidence in the record that the deceased, the purchaser of liquor ever supported the plaintiffs, or either one of them, nor did plaintiffs suffer loss of 'means of support' by reason of the death of the son."

These contentions require a construction of Section 5–0121, NDRC 1943, which reads as follows:

"Every wife, child, parent, guardian, employer, or other person who shall be injured in person, property, or means of support, by any intoxicated person, or in consequence of intoxication, habitual or otherwise, or any person, shall have a right of action, in his or her own name, against any person who, by selling, bartering, or giving away alcoholic beverages contrary to the provisions of this title, shall have caused the intoxication of such person, for all damages actually sustained as well as for exemplary damages. All damages recovered by a minor under this section shall be paid either to such minor, or his or her parent, guardian, or next friend, as the court shall direct. All suits for damages under this section shall be by civil action in any of the courts of this state having jurisdiction thereof."

We see no merit in appellants' contention that this statute applies only in cases where the person to whom the liquor is sold commits a tort upon a third person. The statute authorizes an award of damages not only for certain injuries by an intoxicated person but also for injuries in consequence of the intoxication of any person. The liability created by the Civil Damage Act has no relation to any common law liability, or to any theory of tort. Hitson v. Dwyer, 61 Cal.App.2d 803, 143 P.2d 952; Hyba v. C. A. Horneman, Inc., 302 Ill.App. 143, 23 N.E.2d 564. It was the intention of the legislature to create liability in a class of cases where there was no liability under the common law. Thompson v. Wogan, 309 Ill.App. 413, 33 N.E.2d 151. The act is remedial in character and should be construed to suppress the mischief and advance the remedy. Hahn v. City of Ortonville, 238 Minn. 428, 57 N.W. 2d 254; Lester v. Bugni, 316 Ill.App. 19, 44 N.E.2d 68. It clearly gives a cause of

action to every person who is injured in person, property or means of support as the result of the intoxication of any person when the intoxication was caused by the use of alcoholic beverages sold or given away in violation of law. Under such statutes death as a result of intoxication in the stated circumstances gives rise to a cause of action in favor of surviving spouses, parents and children of the deceased person. 48 C.J.S., Intoxicating Liquors, § 452, p. 726; 33 C.J. (Intoxicating Liquors, Sec. 317) 645. 30 Am.Jur. (Intoxicating Liquors, Sec. 615) 577. Annotation, Damages for Death by Intoxication, Ann.Cas. 1917B, 530.

Appellant's second contention upon the motion for judgment notwithstanding the verdict is that the evidence does not establish that plaintiffs were injured in person, property or means of support.

The uncontradicted testimony is to the effect that plaintiffs operated a farm consisting of six quarter sections or 960 acres; that the plaintiff, Gottlieb Iszler, was 52 years old and in poor health; that the deceased, William Iszler, did practically all of the farm work under his father's direction and most of the minor repair work; that for this work he received board and room and spending money; that the going wage for a full time man to do the work that William did was $125 a month and board and room; that at the time of his death William was 18 years and 10 months old, and that the plaintiff, Gottlieb Iszler paid William's funeral expense in the sum of $500.

Undoubtedly, the evidence shows an expenditure of $500 and loss of services of the deceased son and resulting injury to his parents. However, it is appellants' theory that the injuries shown are not injuries to person, property or means of support and that they therefore do not give rise to a cause of action under the statute.

■ It is of course apparent that no injury to person has been shown. Likewise we think it clear that the evidence shows no injury to means of support. These plaintiffs were in comfortable circumstances prior to William's death. They remained in such circumstances, afterwards. There is no evidence whatever in the record that William's death in any way affected the standard of living they had been maintaining or forced them to exercise any economies they had not theretofore exercised. They were able to and did hire a man to do some of William's work and as far as the record shows their farming operations continued upon the same scale as before. It is true, that their net income may be somewhat less but diminution of income does not of itself constitute an injury to means of support. 30 Am.Jur. (Intoxicating Liquors, Sec. 647) 592. Annotation, Am.Rep. 359.

■ There remains the question of whether the injuries suffered by the plaintiffs were damages to property within the meaning of the statute. Appellants construe the word property as used in the statute to mean only tangible real or personal property. We think that this construction is incorrect. It appears to be contrary to the rule generally applied under similar statutes in other states and in conflict with the express provisions of other North Dakota Statutes. In 30 Am.Jur. (Intoxicating Liquors, Sec. 626) 583, it is said:

"'Injuries to property' for which recovery may be had under a civil damage act are not necessarily physical * * *."

The editorial comment in an annotation in 6 A.L.R.2d 800, states:

"And apparently a chose in action is 'property' for the purposes of the Act."

Section 47–0101, NDRC 1943 provides:

"The ownership of a thing shall mean the right of one or more persons to possess and use it to the exclusion of others. In this code the thing of which there may be ownership is called property."

Section 47–0108, NDRC 1943 provides:

"There may be ownership of the following:

"1. * * *

"2. * * *

"3. All obligations;

"4. Such products of labor or skill as the composition of an author, the goodwill of a business, trade-marks, signs, and of rights created or granted by statute;

"5. * * *."

Section 14–0904, NDRC 1943 provides:

"The father and mother of a legitimate unmarried minor child are entitled equally to its custody, services, and earnings, * * *."

Thus under our statutes, that which may be owned is property; rights granted by statute may be owned; and the right of parents to the earnings and services of an unmarried minor child is a right granted by statute. It follows that the right of parents to the services of minor unmarried children is property by statutory definition and that the destruction of that right is an injury to property. See Fortier v. Moore, 67 N.H. 460, 36 A. 369. It seems clear too that the payment by the father of the son's funeral expenses, which he was obligated to pay, impaired his total assets in that amount and likewise was an injury to property. See Haw v. 1933 Grill, Inc., 297 Ill.App. 37, 17 N.E.2d 70. The record thus establishes injuries to property for which the parents might recover under the act. The motion for judgment notwithstanding the verdict was therefore properly denied and the order denying such motion is affirmed.

■ There were many specifications of error urged as grounds for a new trial. However, only four of these are argued in the brief and we shall confine our consideration to the specifications argued as those not argued in the brief are deemed abandoned. Clark v. Josephson, N.D., 66 N.W. 2d 539; Mevorah v. Goodman, N.D., 68 N. W.2d 469.

The first of these is that the trial court erred in overruling an objection to the introduction of any evidence in the case upon the ground that the complaint failed to state a cause of action. The argument in support of this specification is the same that was made in support of the motion for judgment notwithstanding the verdict. It has been disposed of adversely to the appellant by what has already been said in this opinion.

The other specifications relate to the instructions. The first of these is as follows:

"The plaintiffs, in order to recover in this action, must prove by a fair preponderance of the evidence; (1) that the defendants or either of them sold and delivered to the minor, William Iszler, intoxicating liquors consisting of beer and whiskey; (2) that the sale and delivery of said liquor as aforesaid caused or contributed to the intoxicated condition, if any, of said William Iszler; (3) that said intoxication, if you find he was intoxicated, contributed to and was the proximate cause of the collision with said bridge which resulted in the death of said minor; and (4) their damages."

As we view this instruction it is a fair statement of the law applicable to the case. Appellants only criticism of it is that it permits an award of damages. The argument is again the same as that in the support of the motion for judgment notwithstanding the verdict and we reject it upon the same grounds.

■ The next instruction specified as error in that concerning exemplary damages. This is as follows:

" * * * In so far as exemplary damages are concerned, if you find that defendants' wrongful act was the proximate cause of the injury resulting to the plaintiffs, you may, in your discre-

tion, in addition to the actual damages found, award to the plaintiffs such further reasonable sum for the sake of example and by way of punishing the defendants, as you may deem just."

Appellants object to this instruction because, they say, there is no evidence in the record upon which to base exemplary damages. They say that the general rule as to exemplary damages as set forth in Section 32-0307, NDRC 1943 applies, and that examplary damages may be awarded only when a " * * * defendant has been guilty of oppression, fraud, or malice, actual or presumed, * * *."

It has been held, however, that cases arising under a civil damage act are sui generis and that the only condition necessary for the award of exemplary damages under such acts is that a right to actual damages be shown. Thill v. Pohlman, 76 Iowa 638, 41 N.W. 385; Schneider v. Hosier, 21 Ohio St. 98; Duckworth v. Stalnaker, 68 W.Va. 197, 69 S.E. 850; Scahill v. Aetna Indemnity Co., 157 Mich. 310, 122 N.W. 78.

Our statute, Section 5-0121, NDRC 1943, supra, creates a cause of action " * * * for all damages actually sustained as well as for exemplary damages." It provides no conditions for an award of exemplary damages other than a right to actual damages. It contains no reference to any other statute. Since this statute creates an entirely new cause of action, unrelated to and different from any other, we think the conclusion that it is sui generis is correct and that the provision for an award of exemplary damages is not limited by Section 32-0307, NDRC 1943, or by any other section of our code. It follows that the instruction as to an award of exemplary damages was not error.

Appellants have also challenged the trial court's instruction upon the measure of damages. This instruction was as follows:

"With reference to the amount of damages for loss of a child, if, under the evidence and the court's instruc-

tions, you find that plaintiffs are entitled to a verdict, you will award them such sum as under the circumstances in the case may be just compensation for the pecuniary loss they have suffered by reason of the death of their child. In determining that loss you may consider not only the pecuniary benefits that plaintiffs were reasonably certain to receive * * * during the child's minority but also the support and financial benefit which it is reasonably certain plaintiffs would have received from the child after the latter's majority and during the period of their common expectancy of life."

■ This instruction does not limit the award of damages to an award for the specific injuries mentioned in the Civil Damage Act that is to say; for injuries to person, property or means of support. In support of the instruction the respondents urge that the statute after creating a cause of action for injuries in stated categories provides that the cause is for all damages sustained and that therefore the measure of damages under the act, where death has ensued, is the same as in an action under the wrongful death statute. To buttress this contention they cite the cases of Pilkins v. Hans, 87 Neb. 7, 126 N.W. 864; and Murphy v. Willow Springs Brewing Co., 81 Neb. 219, 115 N.W. 763. In these cases it is held:

"There is no ground for restricting the right of recovery in actions brought under the law governing the sale of intoxicating liquors, where death results within narrower limits than actions brought under Lord Campbell's act."

These cases stand alone however and are based upon the Nebraska Statute which differs materially from the statute in this state and also from the commonly adopted Civil Damage Acts. It is Chapter 61, Sec. 15, Laws of Nebraska 1881 which appears as Sec. 7165, Cobbey's Annotated Statutes of Nebraska, 1903. This section reads as follows:

"The person so licensed shall pay all damages that the community or individuals may sustain in consequence of such traffic, he shall support all paupers, widows, and orphans, and the expenses of all civil and criminal prosecutions growing out of, or justly attributed to, his traffic in intoxicating drinks; * * *."

Upon its face it is apparent that there is no similarity between this statute and ours and that the Nebraska Court's construction of this statute cannot be said to indicate what a proper construction of our statute should be.

The construction generally adopted in states which have statutes similar or identical to ours is that damages must be limited to an award for one or more of the specific injuries which, under the statute, give rise to the cause of action. Annotation, Ann. Cas.1917B 530; Annotation, 6 A.L.R.2d 798. We are agreed that this construction of the statute gives effect to the legislative intent and that therefore in an action under the statute damages may be awarded only for injuries to person, property or means of support.

As has been pointed out herein, the only injuries shown in this case, for which damages might be awarded were the loss of the parents' right to the services and earnings of their deceased son during the balance of his minority and the expense of his funeral. The instruction excepted to was therefore clearly erroneous.

The jury's verdict for compensatory damages was $2,450. We think it reasonably certain that this amount may be divided into an award of $500 for funeral expenses and one of $1,950 for loss of services. At the time of William Iszler's death he lacked 26 months of being 21 years of age. The award of $1,950 is therefore the equivalent of an award of $75 a month for the loss of the services of the deceased from the time of his death until the time he would have attained his majority had he lived. If so considered the amount of the verdict is well

within the limits of the proved damages allowable under the Civil Damage Act. From a consideration of the verdict itself and the fact that the only evidence of damages in the record relates to the loss of services and funeral expense it is apparent that no other elements of damage were considered by the jury and that the verdict does substantial justice. For these reasons we hold that the error in giving the challenged instruction was not prejudicial.

The order denying a new trial is therefore affirmed.

GRIMSON, C. J., and JOHNSON, SATHRE and MORRIS, JJ., concur.