Otto J. Saur, Administrator (Estate of Elizabeth K. M. Burns) *v.* Hugh B. Tobin

Superior Court     Fairfield County     File No. 114140
AT Bridgeport

Memorandum filed December 12, 1961

*Boardman, Stoddard & McCarthy,* of Bridgeport, for the plaintiff.

*Peter J. Weissman,* of Stamford, for the defendant.

DEVLIN, J. The defendant has demurred to the amended complaint based on General Statutes § 30-102 (Dram Shop Act) on the ground the notice attached to the complaint "does not comply with the statutory requirement of timely notice."

The accident in question occurred on July 14, 1960; the decedent and all the then known witnesses were instantly killed; the parents and all other relatives of the decedent were resident in England; the only currently known witness was out of the country, and her address and information as to the drinking was not secured until November 1, 1960; the plaintiff was appointed and qualified as administrator on November 9, 1960; and notice was given to the defendant on November 28, 1960.

The statute, as amended by Public Acts 1959, No. 631, provided for the aggrieved person to give notice within ninety days "of his intention" to bring an action. The ninety-day period in this case expired on October 12. Defendant claims the giving of notice is mandatory and a condition precedent to the bringing of the action, relying largely upon cases dealing with claims against a municipality. In those cases it is provided, however, that "no action . . . shall be maintained" unless the requirement of notice is met. The present statute contains no such provision, the only limitation being that the action be brought within one year from the date of the act or omission complained of.

While the statute is partially penal, it is primarily remedial because it gives a remedy enforceable by an individual in a civil action. The general view is

that such legislation is remedial in character and should be liberally construed " 'to suppress the mischief and advance the remedy.' " *Pierce* v. *Albanese,* 144 Conn. 241. There is also authority to support the claim that notice requirements for personal injury claims do not apply to death cases. *Stormo* v. *Dell Rapids,* 75 S.D. 582; note, 51 A.L.R.2d 1128, 1132.

The demurrer is overruled.