CARRIE MATILDA BROPHY, administratrix of estate of Ray Brophy, deceased, appellee, v. IOWA-ILLINOIS GAS AND ELECTRIC COMPANY, appellant.

No. 50864.

(Reported in 119 N.W.2d 865)

FEBRUARY 12, 1963.

Burnquist, Burnquist & Kersten, of Fort Dodge, for appellant.

Johnson & Flattery, of Fort Dodge, for appellee.

MOORE, J.—On April 25, 1960, Ray Brophy was working as a pipelayer assisting in moving 20-foot iron pipes from one pile to another by means of a mobile back hoe crane mounted on a truck. It was his job to hook a cable attached to the bucket of the crane around the center of a pipe and then walk along, steadying the pipe while the crane operator lifted it and the truck was driven to near the new pile. While a pipe was being so moved some portion of the crane's boom came in contact with a 13,800 volt electric transmission line belonging to defendant. Brophy was electrocuted and died without regaining consciousness.

This is an action for damages resulting from his death. The cause was carefully tried and the necessary elements of the claim as to liability and damages were submitted to the jury. After a verdict of $30,000 in favor of plaintiff, judgment was entered against defendant. Thereafter defendant filed a timely

motion for new trial including the ground the amount was excessive. From the judgment and the trial court's refusal to grant a new trial defendant has appealed.

Defendant relies on one proposition for reversal: That the trial court erred in not setting aside the verdict by granting a new trial or ordering a remittitur because of excessiveness.

The problem involved is not new. The trial court's ruling on the motion for a new trial in commenting on the size of the verdict, among other things, stated:

"As a fact proposition, the court is frank to say that had it been on the jury it would not have voted for a verdict of this size. * * * As a law proposition, however, the court is not on the jury, and before the court can tamper with the jury's finding it has to say that on the evidence the verdict was excessive or that there was passion and prejudice. The court can say neither. * * * The finding of the jury is not so bereft of support on the facts that the court can step in. * * * The jury evidently allowed what it thought the evidence warranted, and the evidence warranted what the jury allowed, and that is the end of it."

True, "that is the end of it" for the trial court but not for us. The question, concerning which many opinions have been written, as usual is most difficult and troublesome. Some of the trouble stems from the measure of damages applicable.

I. The measure of damages in cases of this kind is the present worth or value of that which the decedent would reasonably be expected to save and accumulate as a result of his efforts if he had lived out the natural term of his life, to which may be added interest on reasonable funeral expense for such time as it was prematurely incurred. Soreide v. Vilas & Co., 247 Iowa 1139, 1153, 78 N.W.2d 41, 49, and citations. The trial court so instructed.

This rule is vague, uncertain and speculative, if not conjectural, but it is the best which judicial wisdom and experience have been able to formulate. No evidence is possible of the time which deceased would have lived but for the injury complained of. Had he avoided this injury, death may have met him the next day, week or year in some other form. In business he might have become a phenomenal success and accumulated millions,

or he might have lived to old age and died a pauper. From a man of good habits, prudence and industry, he might have become a spendthrift or a tramp, or if a man of dissolute habits he might have reformed into an efficient and prosperous citizen. But the demands of justice will not tolerate the taking of human life by the tort of another without the wrongdoer answering therefor in damages, and the rule we have stated is the one which has been devised for this purpose. The difficulty in its practical application lies in the fact it calls for an estimate which must be arrived at by a balancing of mere probabilities which the jury must infer from the age, character, habits, condition, education, employment, surroundings and apparent capacity of the deceased.

██ II. The award of damages for wrongful death is necessarily at least somewhat of an approximation. Mallinger v. Brussow, 252 Iowa 54, 59, 105 N.W.2d 626, 629. Each case must turn upon its own particular facts. Dunham v. Des Moines Ry. Co., 240 Iowa 421, 430, 35 N.W.2d 578, 584; Soreide v. Vilas & Co., 247 Iowa 1139, 1153, 78 N.W.2d 41, 50, and citations. We have frequently pointed out the determination of the amount of damages in such cases is ordinarily within the sound discretion of the jury. Of course this is not without limit or control. It is our duty to order a new trial or allow a remittitur if it clearly appears the verdict was prompted by passion or prejudice or other ulterior influence, is unconscionable, not warranted by the evidence, or the amount allowed fails to administer substantial justice. DeToskey v. Ruan Transport Corp., 241 Iowa 45, 40 N.W.2d 4, 17 A. L. R2d 826; Booth v. General Mills, Inc., 243 Iowa 206, 49 N.W.2d 561; Jettre v. Healy, 245 Iowa 294, 60 N.W.2d 541; Hackman v. Beckwith, 245 Iowa 791, 64 N.W.2d 275; Mallinger v. Brussow, supra, and citations. For a thorough analysis of the rule, with additional authorities, see Elings v. Ted McGrevey, Inc., 243 Iowa 815, 821, 822, 53 N.W.2d 882, 885, 886.

██ As observed by the trial court, we should not substitute our judgment for that of the jury. The mere fact we might, if sitting as triers of the facts, have allowed a smaller amount does not justify our interference with the verdict. Von Tersch v.

Ahrendsen, 251 Iowa 115, 123, 99 N.W.2d 287, 292, 79 A. L. R.2d 267; Mallinger v. Brussow, 252 Iowa 54, 57, 105 N.W.2d 626, 628.

█ The trial court carefully considered defendant's contention of excessiveness and thereafter overruled defendant's motion. While not controlling, the rule is well established we are and should be reluctant to reduce verdicts of juries undisturbed by the best judgment of the trial court who also saw and heard the witnesses. Newman v. Blom, 249 Iowa 836, 851, 89 N.W.2d 349, 359; Von Tersch v. Ahrendsen, 251 Iowa 115, 123, 99 N.W.2d 287, 292, 79 A. L. R.2d 267; Mallinger v. Brussow, 252 Iowa 54, 58, 105 N.W.2d 626, 628.

█ In Hackman v. Beckwith, 245 Iowa 791, 64 N.W.2d 275, and several cases cited therein, we commented upon the diminishing purchasing power of the dollar. In the Hackman case we observed by the same token the cost of living has risen by leaps and bounds. These are troublesome factors to be considered in a determination of a proper award in death cases.

█ Decedent was born June 7, 1926, and attended public schools through the eleventh grade. He was married in 1947. He and his wife had no children at the time of his death. With his father he farmed about 400 acres, much of which was rented, near Hardy, Iowa. His father died in 1954. Decedent continued to farm until he went broke in 1959. At the time of his death he had some remaining debts from his farm operation. He did all the tasks required in a farming operation and was considered a very good mechanic and handy around machinery. After leaving the farm he was steadily employed. His work consisted of construction, roofing, gypsum plant, highway construction and pipelaying. His average weekly wage in all types of employment was approximately $100. For the last several months he had been earning $100 to $120 per week as a pipelayer. He was energetic, dependable, trustworthy, in good health and had no bad habits. He was considered a good credit risk. He had a life expectancy of 34.29 years. At the time of his death he owned a 1952 Mercury and 1951 Ford. He had about $200 in his checking account. The funeral bill was $1161.40.

Defendant contends the size of the verdict is such as to

require a new trial or a remittitur. We do not agree. We find no reason to interfere with the jury's verdict.

Although we have frequently said a comparison of verdicts is not a satisfactory method of determining an award in a particular case we believe our conclusion is supported by DeToskey v. Ruan Transport Corp., 241 Iowa 45, 40 N.W.2d 4, 17 A. L. R.2d 826; Hackman v. Beckwith, 245 Iowa 791, 64 N.W.2d 275; Soreide v. Vilas & Co., 247 Iowa 1139, 78 N.W.2d 41; Mallinger v. Brussow, 252 Iowa 54, 105 N.W.2d 626; and Sisson v. Weathermon, 252 Iowa 786, 108 N.W.2d 585.—Affirmed.

All JUSTICES concur.