GLADYS HINDMAN, individually (not appealing) and GLADYS HINDMAN, as administratrix of estate of Kirk Robert Hindman, deceased, appellant, v. DONALD T. JENSEN, d/b/a Koo-Koo-Klub, appellee.

No. 52195.

December 13, 1966.

Shuttleworth & Ingersoll, of Cedar Rapids, for appellant.

Simmons, Perrine, Albright & Ellwood, of Cedar Rapids, for appellee.

Rawlings, J.—By an action at law plaintiff seeks damages from defendant, her petition being in two divisions.

Division I, not involved in this appeal, asserts a cause of action under our Dram Shop Act, chapters 114, section 29, and 115, section 8, Acts of the Sixtieth General Assembly (section 123.95, Code, 1966), by plaintiff individually, as surviving mother, for loss of support occasioned by the death of her adult son.

By Division II plaintiff, as administratrix of her deceased son's estate asks damages from defendant, a licensee or permittee under Code chapter 123, alleging he supplied liquor on about January 18, 1964, to one Donald Raisanen, who then became intoxicated, that plaintiff's decedent was an occupant in an automobile operated by Raisanen which due to his intoxication became involved in an accident causing the immediate death of plaintiff's decedent. We shall here deal with Division II as plaintiff's cause of action.

Defendant's motion to dismiss Division II of the petition was sustained by the trial court and plaintiff was granted leave to appeal.

The question presented is whether an estate repre-

sentative of a person killed by reason of intoxication of one supplied with liquor has a cause of action under section 123.95 against the supplier.

I. This and a separate case involving the same issue as here presented were argued and submitted to us on the same day.

II. Simultaneously with the filing of this opinion our opinion in the aforesaid separate case of Wendelin v. Russell, 259 Iowa 1152, 147 N.W.2d 188, is being filed, in which we consider the applicable statutes and principles of law here involved.

We there held the civil action of a person killed by an intoxicated person, under section 123.95, survives the decedent and may be pursued by his estate representative under and by virtue of sections 611.20 and 611.22.

Our holding in Wendelin v. Russell, supra, is decisive of this appeal.

III. The trial court erred in sustaining defendant's motion to dismiss Division II of plaintiff's petition. This case must be reversed and remanded for entry by the trial court of an order overruling defendant's motion to dismiss.—Reversed and remanded for entry of order overruling defendant's motion.

All JUSTICES concur except THORNTON, J., not sitting, and STUART, J., taking no part.