Freida Betty Wendelin, as executrix of estate of George L. Wendelin, deceased, appellee, v. Roy Russell, d/b/a Roy's Tavern, Macedonia, Iowa, et al., appellants, and Donald Darwin McGinnis, defendant.

No. 52381.

DECEMBER 13, 1966.

1154

Herrick, Langdon, Sandblom & Belin, by Richard G. Langdon, of Des Moines, and Smith, Peterson, Beckman & Willson, by Raymond A. Smith, of Council Bluffs, all for appellants Roy Russell, d/b/a Roy's Tavern, and Shirley Russell.

Hess, Peters, Sulhoff and Walker, by Manning Walker, of Council Bluffs, and Milton Hanson, of Avoca, all for appellee.

RAWLINGS, J.—By an action at law plaintiff-administrator (executrix) seeks damages by reason of the death of her husband George L. Wendelin.

The petition is in two counts. By Count I plaintiff-administrator asks damages from defendants Roy and Shirley Russell under each and both of our Dramshop Acts alleging that October 20, 1965, they supplied whiskey and beer to one Donald Darwin McGinnis to the point of his intoxication, that he then operated a motor vehicle which, by reason of his intoxication, collided with the automobile of plaintiff's decedent, causing his death.

Count II, not here involved, alleges a separate cause of action by plaintiff-administrator against defendant McGinnis based upon alleged negligence at common law.

Defendants Russell filed a motion to strike, seemingly directed to the entire petition but actually challenging the first count alone. The trial court so considered it, overruled the motion, and defendants Russell were granted leave to appeal. We shall here deal with Division I as plaintiff-administrator's cause of action.

The first question presented is whether an estate representative of a person killed by reason of intoxication of another has a cause of action under the Dramshop Act, section 123.95, against the party or parties who supplied the beer or intoxicants.

I. At common law it was generally held there was no

cause of action against one who furnished liquor in favor of those injured by an intoxicated person to whom the liquor had been causatively supplied. Cowman v. Hansen, 250 Iowa 358, 368, 92 N.W.2d 682; 48 C. J. S., Intoxicating Liquors, section 430, page 716; and 30 Am. Jur., Intoxicating Liquors, sections 520, 521, pages 821, 822. But see 12 Baylor Law Review 388.

In order to correct this apparent fault in the common law many states, including Iowa, enacted what are commonly referred to as civil damage statutes or Dramshop Acts. See section 29, chapter 114, and section 8, chapter 115, Acts of the Sixtieth General Assembly (section 123.95, Code 1966), and section 129.2, Code, 1962. See also 4 South Dakota Law Review 149.

II. As previously disclosed plaintiff has not asserted a common-law right of action, but elected to stand upon such pleaded statutory rights and remedies as she may have. We are accordingly restricted.

This court has said: "* * * in determining the meaning of any particular statute all provisions of the Act and other pertinent statutes are to be considered." Cook v. Bornholdt, 250 Iowa 696, 698, 95 N.W.2d 749.

Section 123.95, here invoked by plaintiff, provides:

"Every husband, wife, child, parent, guardian, employer or other person who shall be injured in person or property or means of support by any intoxicated person or resulting from the intoxication of any such person, shall have a right of action, severally or jointly against any licensee or permittee who shall sell or give any beer or intoxicating liquor to any such person while he is intoxicated, or serve any such person to a point where such person is intoxicated for all damages actually sustained.

"Every liquor control licensee shall furnish proof of financial responsibility either by the existence of a liability insurance policy or by posting bond in such amount as determined by the commission."

Other relevant legislative enactments, contained in chapter 611, Code, 1962, state as follows:

Section 611.20: "All causes of action shall survive and may

be brought notwithstanding the death of the person entitled or liable to the same."

Section 611.21: "The right of civil remedy is not merged in a public offense, but may in all cases be enforced independently of and in addition to the punishment of the latter."

Section 611.22: "Any action contemplated in sections 611.20 and 611.21 may be brought, * * * by or against the legal representatives or successors in interest of the deceased. Such action shall be deemed a continuing one, and to have accrued to such representative or successor at the time it would have accrued to the deceased if he had survived."

Then section 635.9 provides in part: "When a wrongful act produces death, damages recovered therefor shall be disposed of as personal property belonging to the estate of the deceased, * * *."

See also section 613.11, Code, 1962, amended by the Sixty-first General Assembly, chapter 427 (section 613.15, Code, 1966).

III. This court has previously held the provisions of chapter 611 should be liberally construed to permit substitution of the representative of a deceased litigant in his place, the object of section 611.22 being to render available to such representative *all* the remedies to which the litigant, had he lived, might have resorted. Fitzgerald v. Hale, 247 Iowa 1194, 1197–1204, 78 N.W.2d 509, and Wood v. Wood, 136 Iowa 128, 132, 113 N.W. 492, 12 L. R. A., N. S., 891. See also Reinhardt v. City of New Haven, 23 Conn. Sup. 321, 182 A.2d 925, 926, 927.

 Our survival statutes have also been said by us to preserve to the legal representative the original cause of action, enlarging the elements of damage to include wrongful death. And, any right to damages for wrongful death accrues to the administrator of a decedent's estate, the surviving husband or wife having no standing to sue for same in an individual capacity. See Fitzgerald v. Hale, supra; Cardamon v. Iowa Lutheran Hospital, 256 Iowa 506, 520, 128 N.W.2d 226; Gardner v. Beck, 195 Iowa 62, 67, 189 N.W. 962; Speiser on Recovery for Wrongful Death (1966), section 14:2, page 744; 25A C. J. S., Death,

section 58, page 757; and 22 Am. Jur.2d, Death, section 15, page 618.

■ The measure of damage for wrongful death in this jurisdiction has been held to be the present worth of the estate a decedent would reasonably be expected to save as the result of his efforts from time of death until the end of natural lifetime had he lived. To this may be added interest on reasonable funeral expense for such time as it was prematurely incurred. Brophy v. Iowa-Illinois Gas & Elec. Co., 254 Iowa 895, 897, 119 N.W.2d 865, and Mallinger v. Brussow, 252 Iowa 54, 57, 105 N.W.2d 626. See also Marean v. Petersen, 259 Iowa 557, 570, 144 N.W.2d 906, 914.

■ And, under the Iowa rule it is of no consequence, in cases involving wrongful death, that the beneficiaries are or are not members of the decedent's immediate family. This has in fact served to provoke some adverse comment. See Evans v. Holsinger, 242 Iowa 990, 993, 48 N.W.2d 250, 28 A. L. R.2d 1434; 48 Iowa Law Review 666; 39 Iowa Law Review 498; 15 Drake Law Review 110; and 5 Drake Law Review 98.

IV. The standing or status of what is now identified as section 123.95, Code, 1966, is not here challenged.

Rather, defendants contend decedent's estate representative is granted neither a right of action nor the right to pursue a cause of action under that legislative enactment.

The essence of this contention is that a cause of action foundationed upon a Dramshop Act does not survive the death of an injured third party. We cannot agree.

Section 4.2, Code, 1962, provides: "The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this Code. Its provisions and all proceedings under it shall be liberally construed with a view to promote its objects and assist the parties in obtaining justice." To this rule we are committed.

■ In addition it is evident the subject act should be construed liberally to aid in suppressing the mischief and advance the remedial objective which prompted its enactment. To uphold defendants' position would require the application of strict

rules of construction which would, in effect, serve to advance the mischief and impair the remedy.

Section 123.95, as finally adopted, was designed to place a hand of restraint upon those licensed or permitted by law to sell or supply intoxicants to others and protect the public, but above all to provide an avenue of relief to those offended who had no recourse or right of action under the common law. See Zucker v. Vogt, 329 F.2d 426, 428–430; Cookinham v. Sullivan, 23 Conn. Sup. 193, 179 A.2d 840, 841, 842; Saur v. Tobin, 23 Conn. Sup. 145, 178 A.2d 158, 159; and Restatement, Torts, section 520.

It is primarily a remedial or compensatory law, imposing liability without regard to all the elements of injury actionable at common law. Bistline v. Ney Bros., 134 Iowa 172, 175–185, 111 N.W. 422, 13 L. R. A., N. S., 1158, 13 Ann. Cas. 196. See also Cowman v. Hansen, 250 Iowa 358, 362, 92 N.W.2d 682; Zucker v. Vogt, supra; Dahl v. Northwestern National Bank of Minneapolis, 265 Minn. 216, 121 N.W.2d 321, 324, 94 A. L. R.2d 1134; Berkeley v. Park, 47 Misc.2d 381, 262 N. Y. S.2d 290, 292; Wyatt v. Chosay, 330 Mich. 661, 48 N.W.2d 195, 199, 200; Iszler v. Jorda, N. D., 80 N.W.2d 665, 667, 64 A. L. R.2d 696; Cookinham v. Sullivan, supra; 13 Drake Law Review, 172; and 8 Syracuse Law Review 252. See also Harper and James, The Law of Torts, sections 12.4 and 14.1, and Prosser on Torts, Hornbook Series, section 61, page 466.

The State of New York has a civil damage statute not unlike the Dramshop Act here involved, except it includes a built-in survival of action right. See Bator v. Barry, 282 App. Div. 324, 122 N. Y. S.2d 604, 607, and 8 Syracuse Law Review 253.

In that respect it is apparent sections 611.20 and 611.22 must be considered with and in fact read into section 123.95. This leads us to conclude any injury or wrong to an individual for which he could have sought redress under the Act survives the death of the injured party, the damages recoverable being those resulting from the wrongful act which produced death, not for the death alone. Fitzgerald v. Hale, 247 Iowa 1194, 1200–1204, 78 N.W.2d 509, and Sherman v. The Western Stage Co., 24 Iowa 515, 522.

V. Stated otherwise plaintiff's decedent, had he lived, would have come within the classification of "other person injured in person or property", with an attendant right of action against these defendants under section 123.95.

And, when all relevant statutes are considered in the light of the foregoing rules of construction, it is equally apparent the decedent's right of action survived his death and the representative of his estate acquired *all* rights of action which decedent would have had if living.

Any other holding would require the reading of an exception into section 611.20, which is neither there expressed nor implied. Furthermore section 123.95 contains no language which can be said to exclude actions brought under it from the operation of our survival statutes, and it is not for us to read any such proviso, exception or exclusion into the subject Dramshop Act or our survival statutes. Rule 344(f)(13), R. C. P., and Bergeson v. Pesch, 254 Iowa 223, 227, 117 N.W.2d 431.

It is thus evident section 123.95 means: Every husband, every wife, every child, every parent, every guardian, every employer, or every other person injured in person or property or means of support by any intoxicated person or resulting from the intoxication of any such person shall have a right of action. See Village of Brooten v. Cudahy Packing Co., 291 F.2d 284, 295; LaBlue v. Specker, 358 Mich. 558, 100 N.W.2d 445, 450; Hylo v. Michigan Surety Co., 322 Mich. 568, 34 N.W.2d 443, 445; Iszler v. Jorda, N. D., 80 N.W.2d 665, 668, 64 A. L. R.2d 696; and annotations, 6 A. L. R.2d 798.

To hold otherwise would require the words, "injured in person", be read out of the Act, for dependents or employers are not injured in person when damaged in means of support, income or benefit of labor. We cannot and do not so construe the Act. Rule 344(f)(13), R. C. P. See also Village of Brooten v. Cudahy Packing Co., supra, and annotations, 6 A. L. R.2d 798. Under these circumstances the rule of Ejusdem Generis cannot be said to be here applicable.

VI. It has also been argued that to hold an estate representative of a deceased person has a cause of action under section 123.95, will result in a possible double recovery by those

who may inherit from decedent's estate. We find this contention to be speculative and dubious at best.

As previously disclosed section 123.95 grants a cause of action to *every* party injured in person or property, or means of support. Damages which may be claimed by a wife, child, parent, guardian or employer are, as aforesaid, for loss of support, income or benefit of labor. On the other hand damages sought by an administrator are those to which the estate of his decedent may be entitled for injury to *person* or property. The two are separate and distinct. See Playford v. Perich, 2 Misc.2d 170, 152 N. Y. S.2d 201, 204.

Without here deciding the issue it is questionable whether the supplier of liquor and the person supplied intoxicants stand in the position of concurrent tort-feasors in connection with injury to or death of a third person. See Bolick v. Gallagher, 268 Wis. 421, 67 N.W.2d 860, 863. The liability of the supplier is statutory not standing in tort, while that of the intoxicated person is premised upon negligence. Playford v. Perich, supra. See also Ruud v. Grimm, 252 Iowa 1266, 1271, 1272, 110 N.W.2d 321.

But even if the supplier and the intoxicated person were to be held jointly liable to a third party, the result might then be a pro tanto reduction of recovery against one by the amount of recovery against the other, an adjustment by contribution or other appropriate relief. See Greiner v. Hicks, 231 Iowa 141, 146, 300 N.W. 727, and Farmers Insurance Exchange v. Village of Hewitt, 274 Minn. 246, 143 N.W.2d 230, 233–235.

In any event defendant's suppositional claim of possible double recovery cannot be allowed to defeat the previously disclosed right of action under section 123.95 by an estate representative of a deceased third party against one who has sold or supplied liquor to another then intoxicated or who thereby becomes intoxicated which in turn causes the death of a third person.

VII. This court now holds the civil action of a person killed by an intoxicated person, under section 123.95, survives him and may be pursued by his estate representative under and by virtue of sections 611.20 and 611.22.

VIII. As previously stated plaintiff, as legal representative of her decedent, also invokes section 129.2, Code, 1962, which provides as follows: "Every wife, child, parent, guardian, employer, or other person who shall be injured in person or property or means of support by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name against any person who shall, by selling or giving to another contrary to the provisions of this title any intoxicating liquors, cause the intoxication of such person, for all damages actually sustained, as well as exemplary damages."

 Although there are some apparent differentiating elements in sections 123.95 and 129.2, we are persuaded the foregoing conclusions relative to the former are equally applicable to the latter, to the extent any right of action under these Acts survives and may be pursued by the estate representative of a third-party decedent.

 This court has repeatedly adhered to the rule, repeal of a statute by implication is not favored and will not be upheld unless the intent to repeal clearly and unmistakably appears from the language used and such holding is absolutely necessary. This principle has special application to important public statutes of long standing. Iowa Power & Light Co. v. Iowa State Highway Commission, 254 Iowa 534, 537, 117 N.W.2d 425; and Robbins v. Beatty, 246 Iowa 80, 86, 87, 67 N.W.2d 12.

 Section 129.2 is an important public statute of long standing. In any event it cannot be said an intent to repeal that Act is clearly and unmistakably expressed in section 123.95.

IX. There may be some problems presented due to possible overlapping of the two Acts. We are not here called upon to engage in any extensive exploration of that conjectural field, and do not propose to do so now.

However, some of the self-evident differentiating factors between the old Act (129.2) and the new one (123.95) are as follows:

1. The wrongful conduct under the old law is selling or giving intoxicating liquor to someone causing intoxication of such person as a result of which damage is done to the person, prop-

erty or means of support of another, while under the new Act it is the selling or giving of beer or intoxicating liquor to any person while he is intoxicated or to the point of his intoxication with such result.

2. Beer, the supplying of which did not bring forth a civil action under the old statute, is actionable under the new one.

3. Exemplary damages are allowable under the old Act, but not mentioned in the more recently enacted law.

4. The wrongdoer under the old Act is any person selling or giving intoxicants in violation of the Liquor Control Act, but the new law confines the offender to any licensee or permittee.

5. The new statute specifically provides the defendants may be jointly and severally liable, which provision is absent in the old law.

6. The statutory classification of those entitled to relief has been expanded in the new act to include "husband".

7. The old law refers to consequence of intoxication, "habitual or otherwise", while the quoted words are not in the new statute.

These differentiating factors have been discussed at some length in an article which appears in 13 Drake Law Review 168.

The fact remains these two Acts must be deemed to be in full force. If any change is to be effected in either or both, it must come from the legislature.

X. We now hold any civil action of a person killed by an intoxicated person, under section 123.95, survives him and may be pursued by the estate representative of decedent under. and by virtue of sections 611.20 and 611.22.

XI. All of the cases cited by defendants from other jurisdictions in support of their stand have been considered and found to fall into two categories. Some are inapplicable by reason of varying statutes, and with others we respectfully disagree. See in this connection annotations, 64 A. L. R.2d 720.

XII. By her petition plaintiff alleges that under the terms of Code section 123.95 and/or Code section 129.2, defendants Russell are liable. The form of the pleading is not challenged. In this connection see Nelson v. Iowa-Illinois Gas and Electric Co., 259 Iowa 101, 143 N.W.2d 289.

And the trial court, in ruling upon defendants' motion to strike, makes no reference to section 129.2.

However, the motion by defendants was overruled without reservation or qualification and arguments on appeal were directed to both of our Dramshop Acts. We have entertained the appeal accordingly.

Finding no error on the part of the trial court in overruling the motion to strike by defendants Roy and Shirley Russell we must affirm.—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting, and STUART, J., taking no part.