KORRINE M. KENDALL, administratrix of estate of George W. Kale, deceased, appellee, v. NORMAN J. GAUTHIER, d/b/a Norm's Tap, appellant.

No. 52434.

(Reported in 149 N.W.2d 286)

MARCH 7, 1967.

Moran, Klockau, McCarthy, Schubert & Lousberg, of Rock Island, Illinois, and W. R. Mockridge, of DeWitt, for appellant.

F. J. MacLaughlin, of Davenport, for appellee.

LARSON, J.—The sole issue presented in this appeal is whether a cause of action created by section 123.95 of the Code of 1962, as amended, survives to one's personal representative under the provisions of sections 611.20 and 611.22 of the Code of 1962.

Appellee, as administratrix of the estate of George W. Kale, deceased, brought this action for damages against three defendants, two tavern operators and the driver of an automobile who

it was alleged was intoxicated as a result of the consumption of intoxicating liquor furnished by the appellant as the operator of a tavern in Low Moor, Clinton County, Iowa, contrary to the provisions of section 123.95 of the Iowa Liquor Control Act, commonly referred to as the Dramshop Act. Appellant's motion to dismiss on the ground that this allegation stated no cause of action in favor of the administratrix was overruled, and by leave of court we have this appeal.

No useful purpose will be served by a further discussion of the well-presented arguments of the parties herein in view of the fact that we have recently fully considered and disposed of that issue. In Wendelin v. Russell, 259 Iowa 1152, 147 N.W.2d 188, and Hindman v. Jensen, 259 Iowa 1074, 147 N.W.2d 8, in unanimous opinions we held that the Iowa Liquor Control Act does create a cause of action in favor of one injured in person or property by the acts of an intoxicated person against those who sold or furnished the beer or intoxicating liquor which caused the intoxication, and that such a cause of action survives to the personal representative of the person after his death.

Appellant's motion to dismiss herein, Division III of plaintiff's second amended and substituted petition, was therefore properly overruled.—Affirmed.

All JUSTICES concur.