**Michael J. KONE, Plaintiff-Appellant,**

v.

**JOE LANG TAP, INC.; Gerald Lang, individually and d/b/a Joe Lang Tap; Donald Barnhart; and Unknown Servants, Agents and Employees of Joe Lang Tap, Inc., and/or Gerald Lang, Defendants-Appellees.**

No. 86–1082.

Court of Appeals of Iowa.

Nov. 30, 1987.

William J. Bribriesco of Bribriesco and Bribriesco, Bettendorf, and Earl A. Payson of Stafne, Lewis, Jasper & Payson, Bettendorf, for plaintiff-appellant.

Elliott R. McDonald III of McDonald, Stonebraker and Cepican, Davenport, for defendant-appellee Joe Lang's Tap.

Michael K. Bush of Carlin, Hellstrom and Bittner, Davenport, for defendant-appellee Gerald Lang.

Considered by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

The plaintiff brought suit against the defendant Joe Lang's Tap, Inc., for violation of the dram shop act, Iowa Code section 123.93, and against the defendant Gerald Lang for violation of Iowa Code section 123.49 and section 5.10.210A of the Municipal Code of the City of Davenport for serving alcohol to a minor, Donald Barnhart. The plaintiff appeals a district court ruling in favor of the defendants' motion for summary judgment. We affirm.

On January 19, 1985, the plaintiff, Michael Kone, attended a birthday party with Donald Barnhart at a tavern known as Joe Lang's Tap. Both individuals drank heavily and continued to do so when the party moved to various residences in town. Early the next morning, the plaintiff and Barnhart left a residence, refusing a ride, and began to walk home. Barnhart then saw a train approaching and said, "Let's get home." After Barnhart boarded the moving train, he said to the plaintiff, "Come on!" The plaintiff tried to board the train, but slipped and was severely injured.

Since the plaintiff's own intoxication bars him under the dram shop act from suing Joe Lang's Tap, Inc., based on his being served there, the plaintiff argues that Barnhart's actions in encouraging the plaintiff to jump, knowing that the plaintiff's intoxicated state prevented him from doing so, caused the plaintiff's injuries, thereby allowing the plaintiff to state a claim under the dram shop act since Barnhart was also served at Joe Lang's Tap. The plaintiff contends that Barnhart owed him a duty under the circumstances to secure his safety. It is this duty, the plaintiff urges, that gives rise to a material fact in issue so as to warrant a reversal of the lower court's summary judgment ruling. The defendants respond that it is against public policy for a defendant in a dram shop action to be held liable to a patron for damages resulting from the patron's voluntary intoxication. Furthermore, the defendants argue complicity and assumption of the risk as affirmative defenses to the plaintiff's claims.

In support of his argument that he can maintain a cause of action against Joe Lang's Tap for Barnhart's failure to carry out his alleged duty, the plaintiff relies on *Adams v. Chicago Great Western R.R. Co.*, 156 Iowa 31, 135 N.W. 21 (1912). The court in *Adams* noted that:

> [W]henever a person is placed in such a position with regard to another that it is obvious that, if he does not use due care in his own conduct, he will cause injury to that person, the duty at once arises to exercise care commensurate with the situation in which he thus finds himself, and with which he is confronted, to avoid such danger; and a negligent failure to perform the duty renders him liable for the consequences of his neglect.

*Id.* at 37, 135 N.W. at 23. Although *Adams* may arguably stand for the proposition that one person owes another a duty to protect the other from harm under circumstances where the potentially harmed party is unable to protect himself, we do not extend the argument to the point that the plaintiff requests us to. We do not believe that because the defendant Joe Lang's Tap, Inc. sold alcohol to Barnhart and therefore, due to intoxication, Barnhart could not carry out the alleged duty the plaintiff claims the law imposes on him, the bar is liable for the plaintiff's injuries. This decision is based on the fact that it is well established in Iowa that a patron cannot recover from a tavern under the dram shop act for his injuries when he became voluntarily intoxicated. *See Evans v. Kennedy*, 162 N.W.2d 182, 184–86 (Iowa 1968) (held that intoxicated person not included in term "other person" as those parties with right of action under Iowa dram shop act). In the instant case, the plaintiff became voluntarily intoxicated. He therefore cannot recover from the defendant Joe Lang's Tap, Inc. This is not similar to cases where a nonpatron third party is injured by an intoxicated patron of a tavern. In such cases, under section 123.92 of the Iowa Code, the third party could recover. *See Kendall v. Gauthier*, 260 Iowa 300, 300–01, 149 N.W.2d 286, 287 (1967). In this case, however, the plaintiff is not a nonpatron third party, but rather a voluntarily intoxicated patron of the defendant Joe Lang's Tap, Inc. We need not decide whether there was a duty owed by Barnhart to protect the plaintiff from harm since, as noted earlier, under the dram shop act, a tavern is shielded from liability to a voluntarily intoxicated patron such as the plaintiff. We therefore hold that the district court was correct in ruling in favor of the defendant Joe Lang's Tap, Inc. on its motion for summary judgment. In addition, we do not reach the issue of whether the district court was correct in entering summary judgment in favor of the defendant Gerald Lang because the plaintiff's brief fails to argue or cite authority for his position and therefore, the issue is waived. Iowa R.App.P. 14(a)(3).

AFFIRMED.